# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | | : | **CRIMINAL NO.  05-440** |
| **v.** | | : | **DATE FILED: February 21, 2007** |
| **ALTON COLES,** | **(1)** | : | **VIOLATIONS:** |
| a/k/a "Ace," | | : | |
| a/k/a "Ace Capone," | | | **21 U.S.C. § 846 (conspiracy to distribute** |
| a/k/a "Fat Boy," | | : | **5 kilograms or more of cocaine and** |
| a/k/a "Naseem Coles," | | | **50 grams or more of cocaine base** |
| a/k/a "Lamar Johnson," | | : | **("crack") - 1 count)** |
| a/k/a "Naiil Johnson," | | | **21 U.S.C. § 848(a), (b) (continuing** |
| **AL ZUAGAR,** | **(2)** | : | **criminal enterprise - 1 count)** |
| a/k/a "Zu," | | | **21 U.S.C. § 841(a)(1) (distribution and** |
| a/k/a "Alfonso Zuagar," | | : | **possession with intent to distribute** |
| a/k/a "Junior Zuagar," | | | **cocaine or cocaine base ("crack") - 28** |
| **CHARLTON CUSTIS,** | **(3)** | : | **counts)** |
| a/k/a "Gusto," | | | **21 U.S.C. § 843(b) (use of a** |
| **KEENAN BROWN,** | **(4)** | : | **communication facility to facilitate the** |
| a/k/a "Nino Brown," | | | **distribution of cocaine or cocaine base** |
| a/k/a "Dot," | | : | **("crack") - 27 counts)** |
| **ROBERT COOPER,** | **(5)** | | **21 U.S.C. § 854 (investing drug income in** |
| a/k/a "O.G.," | | : | **an interstate enterprise - 1 count)** |
| a/k/a "Robert Hall," | | | **21 U.S.C. § 856(a)(2) (maintaining a** |
| **JAMAR CAMPBELL,** | **(6)** | : | **storage facility - 2 counts)** |
| a/k/a "Mar," | | | **18 U.S.C. § 924(c) (possession of a firearm** |
| **GARY CREEK,** | **(7)** | : | **in furtherance of a drug trafficking crime** |
| a/k/a "Dirtbike HOV," | | | **- 18 counts)** |
| **TIMOTHY BAUKMAN,** | **(8)** | : | **18 U.S.C. § 924(c) (carrying a firearm** |
| a/k/a "Tauheed Baukman," | | | **during and relation to a drug trafficking** |
| a/k/a "Tim Gotti," | | : | **crime - 2 counts)** |
| a/k/a "T Dog," | | | **18 U.S.C. § 922(h)(1) (possession of a** |
| **HAKIEM JOHNSON,** | **(9)** | : | **firearm while in the employ of a felon - 1** |
| a/k/a "Hak," | | | **count)** |
| a/k/a "Uncle Hak," | | : | **18 U.S.C. § 1623 (material false statement** |
| a/k/a "Unc," | | | **under oath - 3 counts)** |
| **DANTE TUCKER,** | **(10)** | : | **26 U.S.C. 5861(d) (possession of an** |
| a/k/a "Dant," | | | **unregistered machine gun - 1 count)** |
| **TERRY WALKER,** | **(11)** | : | **18 U.S.C. § 922(g)(1) (possession of a** |
| a/k/a "Taz," | | | **firearm by a convicted felon - 9 counts)** |
| **MONIQUE PULLINS** | **(12)** | : | **18 U.S.C. § 1956(h) (money laundering** |
| | | | **conspiracy - 2 counts)** |
| | | | **18 U.S.C. § 1956(a)(1)(A)(i) (money** |
| | | | **laundering with intent to promote drug** |
| | | | **trafficking - 32 counts)** |

|  |  |  |  |
|---|---|---|---|
| **JAMES MORRIS,** | **(13)** | **:** | **18 U.S.C. § 1956(a)(1)(B)(i) (money** |
| **a/k/a "J,"** |  |  | **laundering with intent to conceal or** |
| **DESMOND FAISON,** | **(14)** | **:** | **disguise proceeds of drug trafficking  - 57** |
| **a/k/a "Dez,"** |  |  | **counts)** |
| **ANWAR LINDER** | **(15)** | **:** | **18 U.S.C. § 1343 (wire fraud affecting a** |
| **TYREK MCGETH,** | **(16)** |  | **financial institution - 2 counts)** |
| **a/k/a "Hammer,"** |  | **:** | **31 U.S.C. § 5324(a)(3) (structuring - 6** |
| **KRISTINA LATNEY** | **(17)** |  | **counts)** |
| **ASYA M. RICHARDSON** | **(18)** | **:** | **18 U.S.C. § 3 (accessory after the fact - 1** |
| **LYNETTE SIMPSON** | **(19)** |  | **count)** |
| **ADRIAN MCKENZIE** | **(20)** | **:** | **18 U.S.C. § 2 (aiding and abetting)** |
| **a/k/a "Mac,"** |  |  | **Notice of forfeiture** |
| **ANTONIO LAMONT JACKSON,** |  | **:** |  |
| **a/k/a "Teefy,"** | **(21)** | **:** |  |
| **THAIS Y. THOMPSON** | **(22)** |  |  |

## FIFTH SUPERSEDING INDICTMENT

### *SECTION I: CONSPIRACY*

### COUNT ONE

**(Conspiracy to Distribute 5 Kilograms or More of Cocaine
and 50 Grams or More of Cocaine Base ("Crack"))**

**THE GRAND JURY CHARGES THAT:**

1.      From in or about a date unknown to the grand jury, beginning at least in

January 1998 through in or about August 10, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, and elsewhere, defendants

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson,"**
**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**

2

a/k/a "T Dog,"
**HAKIEM JOHNSON,**
a/k/a "Hak,"
a/k/a "Uncle Hak,"
a/k/a "Unc,"
**JAMES MORRIS,**
a/k/a "J,"
**DANTE TUCKER,**
a/k/a "Dant,"
**DESMOND FAISON,**
a/k/a "Dez,"
**ANWAR LINDER,**
**TYREK MCGETH,**
a/k/a "Hammer,"
**TERRY WALKER,**
a/k/a "Taz,"
**AL ZUAGAR,**
a/k/a "Zu,"
a/k/a "Alfonso Zuagar,"
a/k/a "Junior Zuagar,"
**CHARLTON CUSTIS,**
a/k/a "Gusto,"
**KEENAN BROWN,**
a/k/a "Nino Brown,"
a/k/a "Dot,"
**ROBERT COOPER,**
a/k/a "O.G.,"
a/k/a "Robert Hall,"
**JAMAR CAMPBELL,**
a/k/a "Mar,"
**GARY CREEK,**
a/k/a "Dirtbike HOV,"
**MONIQUE PULLINS,**
**LYNETTE SIMPSON,**
**ADRIAN MCKENZIE,**
a/k/a "Mac," and
**ANTONIO LAMONT JACKSON,**
a/k/a "Teefy,"

conspired and agreed, together and with others known and unknown to the grand jury, to

knowingly and intentionally distribute controlled substances, that is, 5 kilograms or more

containing a mixture and substance of a detectable amount of cocaine, and 50 grams or more of a

3

mixture and substance containing a detectable amount of cocaine base ("crack"), both Schedule II

controlled substances, all in violation of Title 21, United States Code, Section 841(a)(1),

(b)(1)(A).

## MANNER AND MEANS

It was part of the conspiracy that:

2.     **ALTON COLES** was the leader and organizer of a cocaine and cocaine

base ("crack") distribution gang (hereinafter referred to as the **COLES Cocaine Gang ("CCG")**,

which distributed in excess of 5 kilograms, that is, approximately 1,200 kilograms of cocaine,

and in excess of 50 grams, that is, approximately 600 kilograms of cocaine base ("crack"),

conservatively valued at no less than $25,200,000, between in or about January 1998 and on or

about August 10, 2005.

3.     Defendant **ALTON COLES** and others known and unknown to the grand

jury obtained kilogram quantities of cocaine from suppliers, including defendant **JAMES**

**MORRIS** and others, outside of and from within the Eastern District of Pennsylvania.

4.     Defendant **ALTON COLES** and others transported cocaine to

Philadelphia, and elsewhere, where it was sold as cocaine powder, or converted, or "cooked,"

into cocaine base ("crack") and then distributed through various co-conspirators to customers of

the **CCG**.

5.     Defendant **ALTON COLES** controlled the operations of the **CCG**

through the following conspirators:

a.     Defendant **TIMOTHY BAUKMAN** was the principal manager for

the **CCG**;

4

   b.  Defendants **DANTE TUCKER** and **HAKIEM JOHNSON** were top-level managers for the **CCG**;

   c.  Defendant **JAMES MORRIS** acquired wholesale amounts of cocaine for the **CCG;**

   d.  Defendants **AL ZUAGAR**, **CHARLTON CUSTIS**, **DESMOND FAISON,** and **GARY CREEK** were managers of street corner retail sales for the **CCG** and were assisted by defendants **KEENAN BROWN**, **ANWAR LINDER, TYREK MCGETH** and **ANTONIO LAMONT JACKSON**;

   e.  Defendant **MONIQUE PULLINS** managed and maintained a storage and distribution facility for cocaine and cocaine base ("crack") for the **CCG**, located at 1416 Clearview Street, Apartment F520, in Philadelphia;

   f.  Defendants **TERRY WALKER** and **JAMAR CAMPBELL** and others known and unknown to the grand jury were wholesale, or "weight," sellers of cocaine for the **CCG**;

   g.  Defendants **CHARLTON CUSTIS, ROBERT COOPER, LYNETTE SIMPSON**, and **ANTONIO LAMONT JACKSON** and others known and unknown to the grand jury were street corner retail sellers of cocaine and cocaine base ("crack") for the **CCG**; and

   h.  Defendant **ADRIAN MCKENZIE** carried false law enforcement credentials while serving as a bodyguard for defendant **ALTON COLES**.

   6.  Managers of street corner sales locations, including defendants **CHARLTON CUSTIS**, **AL ZUAGAR**, **DESMOND FAISON**, **GARY CREEK** and others

known and unknown to the grand jury, received large amounts of cocaine from defendant **ALTON COLES** and others known and unknown to the grand jury.  Street managers stored cocaine, processed it into cocaine base ("crack") by "cooking" it, re-packaged cocaine base ("crack"), and sold it in various locations in and around Philadelphia, Pennsylvania and Baltimore, Maryland through street level sellers, including defendants **ROBERT COOPER**, **KEENAN BROWN**, **ANWAR LINDER**, **TYREK MCGETH**, and **ANTONIO LAMONT JACKSON** and others known and unknown to the grand jury.

       7.      Defendant **ALTON COLES** was supplied with multi-kilogram deliveries of cocaine by defendant **JAMES MORRIS**, who arranged for deliveries from sources outside the Eastern District of Pennsylvania.

       8.      Defendant **ALTON COLES** distributed cocaine and cocaine base ("crack") through defendants **TIMOTHY BAUKMAN**, **DANTE TUCKER**, **HAKIEM JOHNSON**, **TERRY WALKER**, **MONIQUE PULLINS**, **JAMAR CAMPBELL**, and **GARY CREEK,** and others known and unknown to the grand jury.  These defendants sold "weight" amounts of cocaine for the **CCG**, that is, ounce or more amounts of cocaine for re-distribution to **CCG** customers.

       9.      Defendants **ALTON COLES**, **TIMOTHY BAUKMAN**, **JAMES MORRIS, DANTE TUCKER**, **HAKIEM JOHNSON**, **JAMAR CAMPBELL**, **CHARLTON CUSTIS**, **DESMOND FAISON**, **TYREK MCGETH**, **GARY CREEK**, **ADRIAN MCKENZIE**, **ANTONIO LAMONT JACKSON**, and **AL ZUAGAR,** and other **CCG** conspirators, possessed firearms to protect their cocaine and cocaine base ("crack") operation, the assets used to buy these controlled substances, and the proceeds earned from the sale of these

6

controlled substances.

10.     **CCG** defendants and conspirators:

a.      obtained, possessed, and used identification cards, such as Pennsylvania Driver's Licenses, containing false information, and also used aliases to conceal their identities, activities, and roles in the **CCG**;

b.       manufactured, stored and secreted cocaine and cocaine base ("crack"), belonging to the **CCG**, in various locations in the Eastern District and elsewhere;

c.      generated, collected, stored and  transported large amounts of cash proceeds from the sale of cocaine and cocaine base ("crack"); and

d.      maintained books and records of cocaine and cocaine base ("crack") related transactions as part of the business of the **CCG**.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, the following overt acts, among others, were performed by the defendants in the Eastern District of Pennsylvania and elsewhere:

### *CCG Cocaine and Crack Cocaine Sales in the 2000 Block of South Cecil Street*

1.      On or about February 1, 2000, defendant **KEENAN BROWN** possessed cocaine base ("crack") (hereafter "crack cocaine"), in the vicinity of the 2000 block of South Cecil Street for sale to **CCG** customers.

2.      On or about February 3, 2000, defendant **ROBERT COOPER** sold crack cocaine to **CCG** customers, in the vicinity of the 2000 block of South Cecil Street.

3.      On or about October 26, 2000, defendants **CHARLTON CUSTIS** and **KEENAN BROWN** sold crack cocaine to a **CCG** customer and possessed approximately 24 additional packets containing crack cocaine, in the vicinity of the 2000 block of South Cecil Street, for sale to other **CCG** customers.

4.      On or about December 5, 2000, defendant **CHARLTON CUSTIS** sold cocaine base ("crack"), in the vicinity of the 2000 block of South Cecil Street.

5.      On or about February 15, 2001, defendant **KEENAN BROWN** possessed approximately 66 packets containing cocaine base ("crack"), in the vicinity of the 2000 block of South Cecil Street, for sale to **CCG** customers.

6.      On or about October 28, 2002, defendant **KEENAN BROWN** possessed a Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with 4 live rounds of ammunition, in the vicinity of the 2000 block of South Cecil Street.

8

7. On or about February 4, 2004, defendant **KEENAN BROWN** possessed a Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with 6 live rounds of ammunition, in the vicinity of the 2000 block of South Cecil Street.

8. On or about April 8, 2004, defendant **CHARLTON CUSTIS** possessed crack cocaine for sale to **CCG** customers in addition to approximately $1,034 in drug proceeds, in the vicinity of the 2000 block of South Cecil Street.

9. On or about September 29, 2004, defendant **AL ZUAGAR** possessed approximately 13.3 grams of crack cocaine for sale to **CCG** customers, at 5724 Filbert Street, and a Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial number A8512.

10. On or about October 2, 2004, defendant **CHARLTON CUSTIS** possessed crack cocaine for sale to **CCG** customers, in the vicinity of the 2000 block of South Cecil Street.

11. On or about December 7, 2004, defendant **ALTON COLES** met with defendant **CHARLTON CUSTIS** near 5800 Woodland Avenue, in Philadelphia, for the purpose of conducting a sale of cocaine.

12. On or about January 7, 2005, defendant **CHARLTON CUSTIS** possessed approximately 49 grams of crack cocaine, digital scales, and approximately $1,440 in cash.

13. On or about March 24, 2005, defendant **CHARLTON CUSTIS** possessed approximately 10.8 grams of cocaine and a Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 rounds of ammunition at 2032 South Cecil Street.

14. On or about April 5, 2005, defendants **CHARLTON CUSTIS** and **ROBERT COOPER** sold crack cocaine, in the vicinity of the 2000 block of South Cecil Street.

15.     On or about April 18, 2005, defendant **CHARLTON CUSTIS** used a telephone to arrange for the sale of crack cocaine.

16.     On or about April 18, 2005, defendant **CHARLTON CUSTIS** sold cocaine base ("crack"), in the vicinity of the 2000 block of South Cecil Street.

17.     On or about May 25, 2005, defendant **AL ZUAGAR** used a telephone to arrange for the sale of approximately one ounce of crack cocaine.

18.     On or about May 25, 2005, defendant **KEENAN BROWN** used a telephone to arrange for the sale of approximately one ounce of crack cocaine.

19.     On or about May 25, 2005, defendants **AL ZUAGAR** and **KEENAN BROWN** sold approximately 21 grams of crack cocaine, in the vicinity of the 2000 block of South Cecil Street.

20.     On or about May 26, 2005, defendant **KEENAN BROWN** used a telephone to discuss the sale of approximately 21 grams of crack cocaine that had occurred on May 25, 2005.

21.     On or about June 8, 2005, defendant **AL ZUAGAR** used a telephone to arrange the sale of approximately two ounces of crack cocaine.

22.     On or about June 9, 2005, defendant **AL ZUAGAR** used a telephone to arrange the sale of approximately two ounces of crack cocaine.

23.     On or about June 9, 2005, defendant **AL ZUAGAR** sold approximately 56 grams of crack cocaine, in the vicinity of the 2000 block of South Cecil Street.

24.     On or about June 20, 2005, defendant **AL ZUAGAR** used a telephone to discuss the sale of approximately four and one-half ounces of crack cocaine.

*CCG Cocaine and Crack Cocaine Sales in the Paschall Housing Project*

25.     On or about March 22, 2001, defendant **ANWAR LINDER** possessed crack cocaine inside the residence located at 7239 Greenway Avenue in Philadelphia, Pennsylvania.

26.     On or about March 30, 2001, defendant **DESMOND FAISON** possessed inside the residence located at 7253 Saybrook Street in Philadelphia, Pennsylvania, approximately 29 grams of crack cocaine and a Lorcin, Model L, 9 millimeter, semi-automatic pistol, serial number 001148, loaded with 11 live rounds of ammunition.

27.     On or about December 5, 2001, on the corner of 72nd Street and Greenway Avenue in Philadelphia, Pennsylvania, defendants **DESMOND FAISON** and **TYREK MCGETH** distributed crack cocaine and possessed approximately $974 in drug proceeds.

28.     On or about December 13, 2001, on the corner of 71st Street and Greenway Avenue in Philadelphia, Pennsylvania, defendant **TYREK MCGETH** possessed and distributed crack cocaine and approximately $250 in drug proceeds.

29.     On or about July 28, 2003, defendants **TYREK MCGETH** and **DESMOND FAISON** possessed a SQB, Model Charles Daly, .45 caliber semi-automatic pistol, serial number CD500185, loaded with four rounds of ammunition, and possessed $5,107 in drug proceeds.

30.     On or about April 5, 2004, defendant **TYREK MCGETH** distributed approximately 3.76 grams of crack cocaine on the 7200 block of Greenway Avenue in Philadelphia, Pennsylvania.

31.     On or about June 16, 2004, defendant **DESMOND FAISON** possessed approximately 2.6 grams of crack cocaine and 3.2 grams of cocaine on the 2200 block of South Lloyd Street in Philadelphia, Pennsylvania.

32.     On or about June 8, 2004, defendant **LYNETTE SIMPSON** distributed crack cocaine on the 7200 block of Greenway Avenue in Philadelphia, Pennsylvania.

33.     On or about July 20, 2004, defendant **DESMOND FAISON** possessed approximately 2 grams of crack cocaine and approximately $1,528 in drug proceeds inside the residence located at 6432 Garman Street in Philadelphia, Pennsylvania.

34.     On or about November 22, 2004, defendant **ANWAR LINDER** used the telephone to discuss the sale of approximately 2 ounces of crack cocaine.

35.     On or about December 2, 2004, defendant **ANWAR LINDER** used the telephone to discuss the sale of approximately 2 ounces of crack cocaine.

36.     On or about December 2, 2004, defendant **ANWAR LINDER** distributed approximately 47 grams of crack cocaine.

37.     On or about December 3, 2004, defendant **ANWAR LINDER** used the telephone to discuss the sale of crack cocaine that occurred the day before, December 2, 2004.

38.     On or about July 6, 2005, defendant **ANWAR LINDER** used the telephone to discuss the sale of crack cocaine.

39.     On or about July 14, 2005, defendant **ANWAR LINDER** used the telephone to discuss a sale of crack cocaine to take place later that day.

40.     On or about July 14, 2005, defendant **ANWAR LINDER** distributed approximately 22 grams of crack cocaine near the corner of 71st and Upland Streets in

12

Philadelphia, Pennsylvania.

41.     On or about August 10, 2005, defendant **ANWAR LINDER** possessed approximately 117.9 grams of crack cocaine inside the residence located at 7040 Greenway Avenue in Philadelphia, Pennsylvania.

42.     On or about August 10, 2005, defendant **DESMOND FAISON** possessed approximately 365 grams of cocaine, 4.7 grams of crack cocaine, $87,639 in drug proceeds, packaging material, and a Glock, Model 19, 9 millimeter semi-automatic pistol, serial number ATM317US, loaded with 15 live rounds of ammunition, inside the residence located at 304 East 23rd Street, Apartment C-11, in Chester, Pennsylvania.

### *Illegal Firearms And Ammunition Possession By Defendant Alton Coles*

43.     On or about March 27, 2004, defendant **ALTON COLES** possessed a Baretta, caliber 9 millimeter, semi-automatic pistol, serial number 082733MC, loaded with 7 rounds of live ammunition, in the vicinity of the 2000 block of South Cecil Street in Philadelphia.

44.     On or about October 24, 2004, defendant **ALTON COLES** possessed a Smith & Wesson, caliber 9 millimeter, semi-automatic handgun, serial number TEU8998, loaded with four live rounds of ammunition, while operating a Bentley automobile near Sixth and Spring Garden Streets in Philadelphia.

45.     On or about August 10, 2005,

a.      at 292 Mannington-Yorktown Lane, in Woodstown, New Jersey, defendant **ALTON COLES** possessed a Sig, Model SP 2340, .40 caliber semi-automatic pistol, serial number SP0004665 and approximately $114,780 in drug proceeds, together with a currency counting machine;

13

b.      at 1416 Clearview Street, Apartment F520, in Philadelphia,

defendant **ALTON COLES** possessed a Glock 9 millimeter semi-automatic handgun, Model 19,

serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition, which he

directed defendant **MONIQUE PULLINS** to discard by throwing down a trash chute in the

building, together with a currency counting machine; and

c.      at 117 Dillon's Lane, in Mullica Hill, New Jersey, defendant

**ALTON COLES** possessed a pistol magazine loaded with 9 rounds of .40 caliber pistol

ammunition, together with approximately 145 rounds of live .44 caliber pistol ammunition, a gun

box, and a gun barrel cleaning device.

### *Defendant Jamar Campbell's Possession of Cocaine, Crack Cocaine, and a Firearm*

46.      On or about May 16, 2005, while driving a car in Delaware County,

Pennsylvania, defendant **JAMAR CAMPBELL** possessed approximately 124.5 grams of

cocaine and a Glock, Model 23, caliber .40 Smith & Wesson, serial number AFB794US semi-

automatic pistol, loaded with 9 rounds of live ammunition.  Defendant **CAMPBELL** also

possessed approximately 187.28 grams of cocaine found inside the lining of a pair of his

fireman's boots, which were inside defendant **CAMPBELL's** car, that were not recovered by

police until on or about May 19, 2005.

47.      On or about May 19, 2005, during a telephone conversation, defendants

**ALTON COLES** and **JAMAR CAMPBELL** discussed defendant **CAMPBELL**'s May 16,

2005 arrest for drug and firearms violations and the current location of the car defendant

**CAMPBELL** was driving that was seized by the police.  Defendant **COLES** told defendant

**CAMPBELL** that he should retrieve the hidden crack cocaine, referred by **CCG** conspirators as

14

"work" from the car, as well as a cellular telephone, and directed defendant **CAMPBELL** to shut the telephone off.

48.     On or about May 19, 2005, during a telephone conversation, defendant **ALTON COLES** discussed defendant **JAMAR CAMPBELL's** May 16, 2005 arrest and that defendant **COLES** took a loss because of the arrest.

49.     On or about May 20, 2005, during a telephone conversation, defendants **ALTON COLES** and **JAMAR CAMBPELL** discussed **CAMPBELL's** May 16, 2005 arrest, the recovery of defendant **CAMPBELL's** seized automobile, and the status of the cocaine in his fireman's boots.

### The June 28, 2005, Delivery of Cocaine to Defendant Gary Creek

On or about June 28, 2005:

50.     Defendant **ALTON COLES** gave defendant **GARY CREEK** directions to a location in southwest Philadelphia for the purpose of delivering approximately 484 grams of cocaine to defendant **CREEK**.

51.     Defendants **GARY CREEK** and **ANTONIO LAMONT JACKSON** and D.M., a person known to the grand jury, drove in one car, and B.H., another person known to the grand jury, drove in a separate car, to a location in the area of Island and Elmwood Avenues in southwest Philadelphia, where defendant **DANTE TUCKER** arrived in his own vehicle.

52.     Defendant **DANTE TUCKER** subsequently delivered approximately 484 grams of cocaine to B.H., who was working at the direction of defendant **GARY CREEK**.

53.     After receiving the cocaine, D.M. and defendants **GARY CREEK** and **ANTONIO LAMONT JACKSON** drove away in one vehicle, and B.H. drove away in a

15

separate vehicle, when both cars were stopped by the police, who recovered the 484 grams of cocaine from B.H.'s vehicle.

54.     Within a short period of time following the stop by police of defendants **GARY CREEKS's** and **ANTONIO LAMONT JACKSON's** vehicle, and the vehicle of the person known to the grand jury, defendant **ALTON COLES** spoke on the telephone with a person unknown to the grand jury and discussed defendant **CREEK's** arrest.  Defendant **COLES** also asked what name defendant **CREEK** would give the police, so that defendant **COLES** could send a lawyer to represent him.

55.     During a subsequent telephone conversation, defendant **ALTON COLES** told defendant **MONIQUE PULLINS** about defendant **GARY CREEK's** arrest.

### *Defendant Timothy Baukman's Possession of Crack Cocaine and Firearms*

56.     On or about May 12, 1998, RA, an unindicted coconspirator known to the grand jury, possessed approximately 3.03 grams of crack cocaine in front of 1747 South 55th Street in Philadelphia, a property used by defendant **TIMOTHY BAUKMAN**.

57.     On or about June 9, 1999, defendant **TIMOTHY BAUKMAN** possessed approximately eight grams of crack cocaine outside 2661 South Holbrook Street in Philadelphia, a property used by defendant **ALTON COLES**.

58.     On or about September 28, 1999, defendant **TIMOTHY BAUKMAN** sold cocaine and possessed approximately 89 milligrams of cocaine at the corner of 56th Street and Woodland Avenue in Philadelphia, an area where defendant **ALTON COLES** and the **CCG** distributed cocaine.

16

59.     On or about August 10, 2005, defendant **TIMOTHY BAUKMAN**
possessed in his residence, 2967 School House Lane, Apartment C1101, in Philadelphia, drug
proceeds, including approximately $25,000 in currency and thousands of dollars worth of other
valuables, together with the following firearms and ammunition:

        a.     an Ingram 9 millimeter machine gun, Model M11, serial number
85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

        b.     a Full Metal Jacket 9 millimeter semi-automatic handgun, Model
CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition; and

        c.     a Taurus .38 caliber revolver, Model 85, serial number SE28453,
loaded with 5 live rounds of .38 caliber ammunition.

### *The Clearview Street Apartment Storage Facility*

60.     On or about May 30, 2005, defendant **ALTON COLES** left defendant
**MONIQUE PULLINS'** residence, located at 1416 Clearview Street, Apartment F520, in
Philadelphia, (the "Clearview Street Apartment") and threw out trash containing three "kilo
wrappers," which were empty wrappers that previously contained three kilograms of cocaine.

On or about July 2, 2005:

61.     During a telephone conversation, defendants **MONIQUE PULLINS** and
**ALTON COLES** discussed the payments received by and owed to defendant **COLES** by others
for the distribution of cocaine and crack cocaine.

62.     At the direction of defendant **ALTON COLES,** defendant **DANTE
TUCKER** delivered cocaine to defendant **MONIQUE PULLINS** at her Clearview Street
Apartment.  Defendant **PULLINS** subsequently delivered the cocaine to an individual, known to

the grand jury only as "Ham," at the direction of defendant **COLES.**

63.     During a telephone conversation, defendant **ALTON COLES** asked defendant **MONIQUE PULLINS** whether she had any cocaine stored at her Clearview Street Apartment.

64.     On or about August 10, 2005:

    a.      Defendants **ALTON COLES** and **MONIQUE PULLINS** possessed a "tally sheet" at the Clearview Street Apartment indicating payments made and owing to defendant **COLES** for the sale of cocaine; and

    b.      Defendants **ALTON COLES** and **MONIQUE PULLINS** possessed a currency counting machine at the Clearview Street Apartment.

### *Hakiem Johnson's Possession and Sale of Cocaine and Firearms*

65.     On or about January 21, 2003, defendant **TERRY WALKER** delivered approximately 246 grams of cocaine to defendant **HAKIEM JOHNSON** for resale.

66.     On or about August 10, 2005, defendant **HAKIEM JOHNSON** possessed in his residence, located at 7130 Upland Street, in Philadelphia, the following firearms and ammunition:

    a.      a 9 millimeter Smith & Wesson semi-automatic handgun, Model 910, serial number VKN4799, loaded with ten live rounds of ammunition; and

    b.      a .45 caliber Auto Ordnance semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition.

67.     On or about August 10, 2005, defendant **HAKIEM JOHNSON** possessed in his car, a Ford Thunderbird, Pennsylvania license plate number FTE-5689, approximately 98

grams of cocaine, a digital scale, materials commonly used for packaging cocaine, and approximately 43 live rounds of .45 caliber ammunition

68. On or about July 7, 2005:

a. During telephone conversations, defendants **HAKIEM JOHNSON** and **ALTON COLES** arranged for the delivery of cocaine to a coconspirator known to the grand jury; and

b. Defendant **JOHNSON** delivered cocaine to a coconspirator known to the grand jury.

69. On or about July 24, 2005, during telephone conversations, defendants **HAKIEM JOHNSON** and **ALTON COLES** arranged for the delivery of cocaine to a coconspirator unknown to the grand jury.

70. On or about July 29, 2005, during a telephone conversation, defendants **HAKIEM JOHNSON** and **ALTON COLES** arranged for the delivery of cocaine to defendant **JOHNSON** for resale.

### *James Morris's Cash, Cocaine and Firearm*

71. On or about July 3, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to arrange a meeting.

72. On or about July 6, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to discuss a delivery of 50 kilograms of cocaine.

73. On or about July 15, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to discuss how long defendant **COLES** would have to wait for cocaine from defendant **MORRIS**.

74.     On or about July 18, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to confirm that defendant **MORRIS** was "ready" for defendant **COLES** and to arrange a meeting.

75.     On or about July 27, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to discuss defendant **MORRIS's** upcoming trip to Cancun to obtain cocaine.

76.     On or about July 28, 2005, defendants **ALTON COLES** and **JAMES MORRIS** used telephones to discuss a delivery by defendant **COLES** of approximately $100,000 in cash to defendant **MORRIS**.

77.     On or about July 31, 2005, defendants **ALTON COLES** and Thais Thompson used a telephone to arrange a conversation between defendant **COLES** and defendant **MORRIS** following a trip from which defendant **MORRIS** was returning.

78.     On or about August 10, 2005, defendants **JAMES MORRIS** and Thais Thompson possessed approximately $559,396.21 in drug proceeds, several "kilo wrappers," a Smith & Wesson, Model CS9, 9 millimeter semi-automatic pistol, serial number EKY2026, loaded with 7 rounds of live ammunition, approximately 25 loose rounds of .40 caliber ammunition and 113 loose rounds of 9 millimeter ammunition, a digital scale, and a currency-counting machine at their residence at 5 Burden Hill Road in Quinton, New Jersey.  Defendant **MORRIS** also possessed approximately 499 grams of cocaine and $2,574 in drug proceeds in a gold Chevrolet Suburban, bearing New Jersey license MRP-32P, VIN 36NFK162X26216069, parked in the driveway of the residence.

20

### *The CCG Storage Facility located at 339 East Essex Avenue*

79.     From in or about September 2002 to on or about August 10, 2005, defendant **TIMOTHY BAUKMAN** paid the rent for the residence located at 339 East Essex Avenue, Apartment B, in Lansdowne, Pennsylvania.

80.     On or about August 10, 2005, inside the residence located at 339 East Essex Avenue, Apartment B, in Lansdowne, defendants **ALTON COLES**, **TIMOTHY BAUKMAN**, and **DANTE TUCKER** possessed the following items:

     a.     a .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

     b.     a Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

     c.     a 9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

     d.     a 9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

     e.     a 9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter ammunition;

     f.     a .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

     g.     a .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

      h.     a 9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

      i.     a .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and 1 live round of .22 caliber ammunition;

      j.     a 9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

      k.     377 additional live rounds of 9 millimeter ammunition;

      l.     six additional live rounds of .357 ammunition;

      m.     one additional live round of .22 caliber ammunition;

      n.     a 12-ton hydraulic press used to form cocaine powder into "bricks" of kilogram quantities of cocaine for sale;

      o.     approximately 459 grams of cocaine;

      p.     approximately seven grams of crack cocaine;

      q.     sheets of paper containing notes of drug payments owed to and received by defendant **ALTON COLES**, commonly referred to as "tally sheets,"

      r.     various drug paraphernalia, such as scales, bowls, a manual press machine, dust masks, rubber gloves, tape, plastic bags, and cutting agents; and

      s.     44 "kilo wrappers" used to wrap kilogram quantities of cocaine.

*2636 Daphne Road*

81.     On or about April 14, 2002, at and about 2636 Daphne Road in Philadelphia, Pennsylvania, defendant **TERRY WALKER** and another person known to the grand jury and referred to in this Fifth Superseding Indictment as "RA," possessed a total of

approximately 490 grams of cocaine in several separate bags, as well as a bag containing

approximately 26.32 grams of crack cocaine, together with five firearms, numerous rounds of

ammunition of assorted caliber and empty magazines, multiple bags, bowls, plates, cards, spoons

and three scales used for preparing cocaine and crack cocaine for resale, and various writings and

photographs pertaining to conspirators and to locations frequented by conspirators.

### *Alton Coles' Firearm at Metro Auto Sales*

82.     On or about May 14, 2002, defendant **ALTON COLES** possessed, on his

person and in an automobile found at Metro Auto Sales, approximately $2,500 in cash, car keys

belonging to a black Mercedes Benz, a firearm, that is, Smith & Wesson, Model 669, nine

millimeter semi-automatic pistol, serial number TBM6885, loaded with eight live rounds of

ammunition, and various documents.

### *Cecil Street Shootings*

83.     In and about the summer of 2004, an unindicted co-conspirator, known to

the grand jury and referred to as "TW," began working as a street seller of crack cocaine for

defendant **CHARLTON CUSTIS**.

84.     On or about October 22, 2004, in southwest Philadelphia, defendants

**ALTON COLES, TIMOTHY BAUKMAN, JAMAR CAMPBELL,** and TW, and others

known and unknown to the grand jury engaged in a confrontation and gun battle with a rival drug

trafficking group.

85.     On or about February 27, 2005, in southwest Philadelphia, TW and an

unindicted co-conspirator known to the grand jury and referred to as "LP" engaged in a gun battle

with a rival drug trafficking group.

***Alfonso Zuagar Firearm***

86.     On or about August 10, 2005, defendant **ALFONSO ZUAGAR** possessed a firearm, that is, a Smith & Wesson, Model SW9V, nine millimeter semi-automatic pistol, with an obliterated serial number.

***Adrian McKenzie Firearms***

87.     On or about August 1, 2003, defendant **ADRIAN McKENZIE** obtained a Berretta, Model 8045 Cougar, .45 caliber, semi-automatic pistol, serial number 082733MC (the "Berretta"), from a federally licensed firearms dealer.

88.     Between on or about August 1, 2003, and on or about March 27, 2004, defendant **ADRIAN McKENZIE** provided the Berretta pistol to defendant **ALTON COLES**, a convicted felon.

89.     On and after March 27, 2004, on behalf of defendant **ALTON COLES**, defendant **ADRIAN McKENZIE** made a false statement concerning the Berretta pistol, asserting that the Berretta was his and that he had left it inadvertently in defendant **COLES's** car on or about March 27, 2004.

90.     On or about October 24, 2004, defendant **ADRIAN McKENZIE**, serving as defendant **ALTON COLES'** bodyguard, possessed a firearm, that is, a Glock, Model 32, caliber .357 Sig semi-automatic pistol, serial number 2554054, loaded with seven live rounds of ammunition, when he was pursued by police as he fled from a Bentley automobile in which both he and defendant **COLES** had been situated.

24

On or about June 16, 2005:

91.     Defendant **ALTON COLES** advised defendant **ADRIAN McKENZIE** that a person known to the grand jury and identified as "AW" would be the "insurance plan" in connection with the state charges pending against defendant **COLES**, arising out of his October 27, 2004 arrest.

92.     Defendant **ALTON COLES** advised defendant **ADRIAN McKENZIE** that AW would testify that he possessed the Smith & Wesson and discarded it on October 27, 2004.

93.     AW advised defendant **ALTON COLES** that the Firing Line, a federally licensed firearms dealer, did not close until 9:00 p.m.  In response, defendant **COLES** advised AW that defendant **ADRIAN McKENZIE** had recommended that defendant **COLES** and AW wait until after defendant **COLES's** pending trial was adjudicated before they "grab another gun."

94.     On or about June 20, 2005, defendant **ADRIAN McKENZIE** told defendant **ALTON COLES** that his "boy has a nice 25 for a buck and a quarter," that is, that defendant **McKENZIE** knew of an individual who had a .25 caliber pistol for sale for $125.00.

95.     On or about June 20, 2005, defendant **ADRIAN McKENZIE** told defendant **ALTON COLES** that defendant **McKENZIE** knew of an individual named "John" who had a firearm "like a TEC."  (A "TEC" is street parlance for a TEC-9, a 9 millimeter semi-automatic pistol with an extended magazine, typically holding more than 20 rounds of ammunition.)  Defendant **McKENZIE** further stated that "I . . . forgot what it is but it's like a f*****g Uzi . . . he's selling that jawn for like 400 or something like that."  Defendant **COLES**

responded "I'll take that."  (An "Uzi" is an Israeli made semi-automatic or automatic pistol with an elongated barrel, large frame and receiver with an extended magazine.)

96.     On or about August 10, 2005, at 117 Dillon's Lane, in Mullica Hill, New Jersey, defendant **ALTON COLES** possessed the box in which the Beretta pistol had been packaged at the time of its purchase.

### *Baltimore Firearms and Narcotics*

97.     On or about January 26, 2005, at 815 North Port Street, Baltimore, Maryland, also known as the "Jump-Off," defendants **GARY CREEK** and **ANTONIO LAMONT JACKSON** and an individual known to the grand jury and identified as "JB" possessed  controlled substances and approximately $1,709 in cash, along with (a) one Intratec, Model Tec-DC9, nine millimeter semi-automatic pistol, serial number D63762, loaded with 11 live rounds of ammunition, (b) one Intratec, Model AB-10, nine millimeter semi-automatic pistol, serial number A054783, loaded with 27 live rounds of ammunition, (c) one Colt, Model "Cobra," .38 caliber revolver, serial number SW 154738LW, loaded with six live rounds of ammunition.

98.     On or about February 15, 2005, in and about Baltimore, Maryland, in an automobile, defendant **GARY CREEK** and an individual known to the grand jury and identified as "NC" possessed controlled substances, as well as: (a) (as to defendant **CREEK**) one Glock, Model 17, nine millimeter semi-automatic pistol, serial number XG347US, loaded with 17 rounds of ammunition, together with $844 in cash; and (b) (as to NC) one Glock, Model 33, caliber .357 Sig, semi-automatic pistol, serial number FPY057, loaded with nine rounds of ammunition, together with $3,490 in cash.

99.     On or about May 27, 2005, at and about 800 North Montford Avenue, Baltimore, Maryland, defendant **ANTONIO LAMONT JACKSON** possessed $128 in cash and approximately 2.97 grams of cocaine.

100.     On or about June 9, 2005, at and about 815 North Port Street, in Baltimore, Maryland, defendant **GARY CREEK** and another individual known to the grand jury possessed approximately $1,084 in cash and approximately 58.71 grams of cocaine.

101.     On or about July 15, 2005, defendant **ALTON COLES** spoke with a female associate of defendant **GARY CREEK's**, while defendant **CREEK** was in jail in the County of Philadelphia.  The female was planning a visit to see defendant **CREEK** in jail. Defendant **COLES** instructed the female to communicate to defendant **CREEK** to tell defendant **ANTONIO LAMONT JACKSON**, who was jailed with defendant **CREEK** as a result of the June 28, 2005, arrest by Philadelphia Police, to "chill the f*** out."   In the same conversation, defendant **COLES** told the female to tell defendant **CREEK** that if  "all of them stand strong and shut the f*** up," they will be out of jail by October.

102.     On or about July 22, 2005, defendant **ALTON COLES** spoke with defendant **GARY CREEK** on a three-way telephone connection, while defendant **CREEK** was in jail in the County of Philadelphia.  Defendant **COLES** told defendant **CREEK** to tell defendant **ANTONIO LAMONT JACKSON** to stop "jabbering the jaws," that is, that defendant **JACKSON** talked too much.

### *Dante Tucker's Firearm*

103.     On or about August 10, 2005, inside the residence at 957 North 66th Street in Philadelphia, Pennsylvania, defendant **DANTE TUCKER** possessed a Glock, Model 19, 9

27

millimeter semi-automatic pistol, serial number ACB385US, loaded with 15 live rounds of ammunition, and $1,980 in cash.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### (Continuing Criminal Enterprise (CCE))

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      The allegations of all of the paragraphs of the "Manner and Means" section and all of the paragraphs of the "Overt Acts" section of Count One of this Fifth Superseding Indictment, are realleged and incorporated by reference here.

2.      From in or about a time unknown to the grand jury but beginning in at least January 1998 and continuing through on or about August 10, 2005, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

> **ALTON COLES,**
> **a/k/a "Ace,"**
> **a/k/a "Ace Capone,"**
> **a/k/a "Fat Boy,"**
> **a/k/a "Naseem Coles,"**
> **a/k/a "Lamar Johnson,"**
> **a/k/a "Naill Johnson," and**
> **TIMOTHY BAUKMAN,**
> **a/k/a "Tauheed Baukman,"**
> **a/k/a "Tim Gotti,"**
> **a/k/a "T Dog,"**

engaged in a continuing criminal enterprise in that:

(a)      They violated one or more provisions of subchapter I of Chapter 13 of Title 21, United States Code, which are felonies, and such violations were a part of a continuing series of violations of subchapter I of Chapter 13 of Title 21, United States Code, including but not limited to, Counts 1, 3, 4, 6 through 16, 21 through 35, 38 through 58, 61, 62, 64, 73, 74, and 176 through 178 of this Fifth Superseding Indictment;

(b)      The series of violations described in paragraph (a) were undertaken in concert with five or more persons, known and unknown to the grand jury, with respect to whom

defendants occupied positions of organizer, a supervisory position, and a position of management; and

　　　　　3.　　　Defendants obtained substantial income and resources from the violations described in paragraphs (a) and (b).

　　　　　In violation of Title 21, United States Code, Section 848(a), (b).

### *SECTION II: SOUTH CECIL STREET*

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 7, 2005, in the Eastern District of Pennsylvania, defendant

**CHARLTON CUSTIS,**
**a/k/a "Gusto,"**

knowingly and intentionally possessed with the intent to distribute five grams or more, that is,

approximately 49 grams, of a mixture and substance containing a detectable amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## <u>COUNT FOUR</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 24, 2005, in the Eastern District of Pennsylvania, defendant

**CHARLTON CUSTIS,**
**a/k/a "Gusto,"**

knowingly and intentionally possessed with intent to distribute five grams or more, that is,

approximately 10.8 grams, of a mixture and substance containing a detectable amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 24, 2005, in the Eastern District of Pennsylvania, defendant

**CHARLTON CUSTIS,**
**a/k/a "Gusto,"**

knowingly possessed a firearm, that is, a Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, and possession with intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

33

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 5, 2005, in the Eastern District of Pennsylvania, defendants

**CHARLTON CUSTIS,**
**a/k/a "Gusto," and**
**ROBERT COOPER,**
**a/k/a "O.G.,"**
**a/k/a "Robert Hall,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, approximately

.40 grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), a

Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and

Title 18, United States Code, Section 2.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 18, 2005, in the Eastern District of Pennsylvania, defendant

**CHARLTON CUSTIS,**
**a/k/a "Gusto,"**

knowingly and intentionally distributed approximately .40 grams of a mixture and substance

containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 18, 2005, in the Eastern District of Pennsylvania, defendant

**CHARLTON CUSTIS,**
**a/k/a "Gusto,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the distribution of cocaine base ("crack") described in Count Seven of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 841(a)(1), in that defendant **CUSTIS** used the telephone to discuss the distribution of cocaine base ("crack") and to arrange a meeting regarding the delivery of cocaine base ("crack") to an individual known to the grand jury.

In violation of Title 21, United States Code, Section 843(b).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 25, 2005, in the Eastern District of Pennsylvania, defendants

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar," and**
**KEENAN BROWN,**
**a/k/a "Nino Brown,"**
**a/k/a "Dot,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, five grams or more, that is, approximately 21 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and Title 18, United States Code, Section 2.

37

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 25, 2005, in the Eastern District of Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

distribution of cocaine base ("crack") described in Count Nine of this Fifth Superseding

Indictment, in violation of Title 21, United States Code, Section 841(a)(1), in that defendant

**ZUAGAR** used the telephone to discuss the distribution of cocaine base ("crack") and to arrange

a meeting regarding the delivery of cocaine base (crack") to an individual known to the grand

jury.

In violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 25, 2005, in the Eastern District of Pennsylvania, defendant

**KEENAN BROWN,**
**a/k/a "Nino Brown,"**
**a/k/a "Dot,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the distribution of cocaine base ("crack") described in Count Nine of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 841(a)(1), in that defendant **BROWN** used the telephone to discuss the distribution of cocaine base ("crack") and to arrange a meeting regarding the delivery of cocaine base ("crack") to an individual known to the grand jury.

In violation of Title 21, United States Code, Section 843(b).

39

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 9, 2005, in the Eastern District of Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly and intentionally distributed 50 grams or more, that is, approximately 56 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 8, 2005, in the Eastern District of Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

distribution of cocaine base ("crack") described in Count Twelve of this Fifth Superseding

Indictment, in violation of Title 21, United States Code, Section 841(a)(1), in that defendant

**ZUAGAR** used the telephone to discuss the distribution of cocaine base ("crack") and to arrange

a meeting regarding the delivery of cocaine base ("crack") to an individual known to the grand

jury.

In violation of Title 21, United States Code, Section 843(b).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 9, 2005, in the Eastern District of Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

distribution of cocaine base ("crack") described in Count Twelve of this Fifth Superseding

Indictment, in violation of Title 21, United States Code, Section 841(a)(1), in that defendant

**ZUAGAR** used the telephone to discuss the distribution of cocaine base ("crack")  and to arrange

a meeting regarding the delivery of cocaine base ("crack") to an individual known to the grand

jury.

In violation of Title 21, United States Code, Section 843(b).

42

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 20, 2005, in the Eastern District of Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

attempted distribution of cocaine base ("crack"), a Schedule II controlled substance, in violation

of Title 21, United States Code, Section 846, in that defendant **ZUAGAR** used the telephone to

discuss the distribution of cocaine base ("crack") and to arrange a meeting regarding the delivery

of cocaine base ("crack") to an individual known to the grand jury.

In violation of Title 21, United States Code, Section 843(b).

43

### *SECTION III:  PASCHALL HOMES*

### <u>COUNT SIXTEEN</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 30, 2001, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly and intentionally possessed with intent to distribute 5 grams or more, that is,

approximately 29 grams of a mixture and substance containing a detectible amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 30, 2001, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly possessed a firearm, that is, a Lorcin, Model L, 9 millimeter, semi-automatic pistol,

serial number 001148, loaded with 11 live rounds of ammunition, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States

Code, Section 846, and possession with the intent to distribute cocaine base ("crack"), in

violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

45

## COUNT EIGHTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 30, 2001, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is, a Lorcin, Model L, 9 millimeter, semi-automatic pistol, serial

number 001148, loaded with 11 live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 28, 2003, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is, a SQB, Model Charles Daly, .45 caliber, semi-automatic pistol,

serial number CD500185, loaded with 4 live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 28, 2003, in the Eastern District of Pennsylvania, defendants

**DESMOND FAISON, and**
**TYREK MCGETH,**
**a/k/a "Hammer,"**

knowingly possessed, and aided and abetted, and willfully caused the possession of, a firearm,

that is, a SQB, Model Charles Daly, .45 caliber, semi-automatic pistol, serial number CD500185,

loaded with 4 live rounds of ammunition, in furtherance of a drug trafficking crime for which

they may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine

and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

48

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 5, 2001, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly and intentionally distributed a mixture and substance containing a detectible amount

of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

49

## <u>COUNT TWENTY-TWO</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 13, 2001, in the Eastern District of Pennsylvania,

defendant

**TYREK MCGETH,**
**a/k/a "Hammer,"**

knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 5, 2004, in the Eastern District of Pennsylvania, defendant

**TYREK MCGETH,**
**a/k/a "Hammer,"**

knowingly and intentionally distributed approximately 3.76 grams of a mixture and substance

containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 16, 2004, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly and intentionally possessed with intent to distribute approximately 2.6 grams of a

mixture and substance containing a detectible amount of cocaine base ("crack"), and

approximately 3.2 grams of a mixture and substance containing a detectible amount of cocaine,

both of which are Schedule II controlled substances.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 8, 2004, in the Eastern District of Pennsylvania, defendant

**LYNETTE SIMPSON**

knowingly and intentionally distributed approximately 1.03 grams of a mixture and substance

containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## <u>COUNT TWENTY-SIX</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 20, 2004, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly and intentionally possessed with intent to distribute approximately 2 grams of a

mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT TWENTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 22, 2004, in the Eastern District of Pennsylvania,

defendant

### ANWAR LINDER

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, and the distribution of cocaine base ("crack"), described in

Count Twenty-Nine of this Fifth Superseding Indictment, in violation of Title 21, United States

Code, Section 841(a)(1), drug felonies, in that defendant **LINDER** used the telephone to discuss

the planned distribution of cocaine.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 2, 2004, in the Eastern District of Pennsylvania, defendant

**ANWAR LINDER**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, and the distribution of cocaine base ("crack") described in

Count Twenty-Nine of this Fifth Superseding Indictment, in violation of Title 21, United States

Code, Section 841(a)(1), drug felonies, in that defendant **LINDER** used the telephone to discuss

the planned distribution of cocaine.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 2, 2004, in the Eastern District of Pennsylvania, defendant

### ANWAR LINDER

knowingly and intentionally distributed 5 grams or more, that is, approximately 47 grams, of a mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT THIRTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 3, 2004, in the Eastern District of Pennsylvania, defendant

**ANWAR LINDER**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, and the distribution of cocaine base ("crack") described in

Count Twenty-Nine of this Fifth Superseding Indictment, in violation of Title 21, United States

Code, Section 841(a)(1), drug felonies, in that defendant **LINDER** used the telephone to discuss

the delivery of cocaine on December 2, 2004.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 6, 2005, in the Eastern District of Pennsylvania, defendant

**ANWAR LINDER**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that defendant **LINDER** used the telephone to

discuss the sale of cocaine.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 14, 2005, in the Eastern District of Pennsylvania, defendant

**ANWAR LINDER**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, and the distribution of cocaine base ("crack") described in

Count Thirty-Three of this Fifth Superseding Indictment, in violation of Title 21, United States

Code, Section 841(a)(1), drug felonies, in that defendant **LINDER** used the telephone to discuss

the delivery of cocaine later that day.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 14, 2005, in the Eastern District of Pennsylvania, defendant

**ANWAR LINDER**

knowingly and intentionally distributed 5 grams or more, that is, approximately 22 grams, of a

mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (B)(1)(B).

### *SECTION IV:  WHOLESALE DISTRIBUTION*

### COUNT THIRTY- FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2005, in the Eastern District of Pennsylvania, defendant

**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly and intentionally possessed with intent to distribute approximately 124.5 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT THIRTY- FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

      From on or about  May 16, to on or about May 19, 2005, in the Eastern District of

Pennsylvania, defendant

**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly and intentionally possessed with intent to distribute approximately 187.28 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

      In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT THIRTY- SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2005, in the Eastern District of Pennsylvania, defendant

**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly possessed a firearm, that is, a Glock, Model 23, caliber .40 Smith & Wesson, serial

number AFB794US semi-automatic pistol, loaded with nine rounds of live ammunition, in

furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, possession with the intent to distribute cocaine, in violation of Title 21, United

States Code, Section 841(a)(1), and conspiracy to distribute cocaine and cocaine base ("crack"),

in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT THIRTY- SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2005, in the Eastern District of Pennsylvania, defendant

**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly carried a firearm, that is, a Glock, Model 23, caliber .40 Smith & Wesson, serial

number AFB794US semi-automatic pistol, loaded with nine rounds of live ammunition, during

and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, possession with the intent to distribute cocaine, in violation of Title 21, United

States Code, Section 841(a)(1), and conspiracy to distribute cocaine and cocaine base ("crack"),

in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT THIRTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 19, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, and the possession with intent to distribute approximately

187.28 grams of cocaine described in Count Thirty-Five, drug felonies, in that the defendants

used a telephone to discuss how to recover cocaine left by defendant **CAMPBELL** in a pair of

fireman's boots in defendant **CAMPBELL's** car at the time of his arrest by police.

All in violation of Title 21, United States Code, Section 843(b).

66

## COUNT THIRTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendant

**GARY CREEK,**
**a/k/a "Dirtbike HOV,"**

knowingly and intentionally possessed with intent to distribute approximately 484 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT FORTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**DANTE TUCKER,**
**a/k/a "Dant,"**

knowingly and intentionally distributed, and aided and abetted the distribution of, approximately

484 grams of a mixture and substance containing a detectible amount of cocaine, a Schedule II

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and Title

18, United States Code, Section 2.

## COUNT FORTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**GARY CREEK,**
**a/k/a "Dirtbike HOV,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, and the distribution of approximately 484 grams

of cocaine described in Count Forty, in that the defendants used a telephone to discuss a meeting

to deliver cocaine to defendant **CREEK**.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**DANTE TUCKER,**
**a/k/a "Dant,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendants used a telephone to discuss

defendant **GARY CREEK's** arrest.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendant

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendant used a telephone to

determine what name defendant **GARY CREEK** would be using so that defendant **COLES**

could supply defendant **CREEK** with an attorney.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 28, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendant **COLES** used a telephone to

notify defendant **CAMPBELL** that defendant **GARY CREEK** had been arrested.

All in violation of Title 21, United States Code, Section 843(b).

72

## COUNT FORTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**DANTE TUCKER,**
**a/k/a "Dant,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendant **COLES** used a telephone to

direct defendant **TUCKER** to distribute cocaine to defendant **MONIQUE PULLINS**.

All in violation of Title 21, United States Code, Section 843(b).

73

## COUNT FORTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**MONIQUE PULLINS**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendant **COLES** used a telephone to

direct defendant **PULLINS** to distribute cocaine to an individual unknown to the grand jury.

All in violation of Title 21, United States Code, Section 843(b).

74

## COUNT FORTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**MONIQUE PULLINS**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendant **COLES** used a telephone to

talk to defendant **PULLINS** about payments received by and owed to defendant **COLES** by

others for the distribution of cocaine and cocaine base ("crack").

All in violation of Title 21, United States Code, Section 843(b).

75

## COUNT FORTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**MONIQUE PULLINS**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 846, a drug felony, and the maintenance of a storage facility described in Count Forty-Nine of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 856(a)(2), in that defendant **COLES** asked defendant **PULLINS** whether he had any cocaine stored at the residence located at 1416 Clearview Street, Apartment F520, in Philadelphia.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about May 30, 2005, to on or about August 10, 2005, in

Philadelphia, in the Eastern District of Pennsylvania, defendants

> **ALTON COLES**,
> **a/k/a "Ace,"**
> **a/k/a "Ace Capone,"**
> **a/k/a "Naseem Coles,"**
> **a/k/a "Naiil Johnson,"**
> **a/k/a "Lamar Johnson," and**
> **MONIQUE PULLINS**

knowingly managed and controlled, and aided and abetted the management and control of, the

apartment located at 1416 Clearview Street, Apartment F520, as a lessee, and knowingly and

intentionally made available for use this apartment for the purpose of unlawfully storing and

distributing a controlled substance, that is, cocaine, a Schedule II controlled substance, for

defendant **COLES**.

In violation of Title 21, United States Code, Section 856(a)(2), Title 18, United

States Code, Section 2.

77

## COUNT FIFTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 24, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that defendants arranged for the delivery of

cocaine to an individual unknown to the grand jury.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 29, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that defendants arranged for the delivery of

cocaine to defendant **JOHNSON** for resale.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 6, 2005, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**JAMES MORRIS,**
**a/k/a "J,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 846, a drug felony, in that the defendants discussed the delivery of 50 kilograms of cocaine.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 15, 2005, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**JAMES MORRIS**,
**a/k/a "J,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 846, a drug felony, in that the defendants discussed how long defendant **COLES** would have to wait to receive cocaine from defendant **MORRIS**.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 27, 2005, in the Eastern District of Pennsylvania and elsewhere,

defendants

> **ALTON COLES**,
>    **a/k/a "Ace,"**
>    **a/k/a "Ace Capone,"**
>    **a/k/a "Naseem Coles,"**
>    **a/k/a "Naiil Johnson,"**
>    **a/k/a "Lamar Johnson," and**
> **JAMES MORRIS,**
>    **a/k/a "J,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the

conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21,

United States Code, Section 846, a drug felony, in that the defendants discussed defendant

**MORRIS's** upcoming trip to Cancun to obtain cocaine.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 28, 2005, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**JAMES MORRIS**,
**a/k/a "J,"**

knowingly and intentionally used a communication facility, that is, a telephone, in facilitating the conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 846, a drug felony, in that the defendants discussed a delivery of approximately $100,000 in cash from defendant **COLES** to defendant **MORRIS** for cocaine supplied by defendant **MORRIS**.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 31, 2005, in the Eastern District of Pennsylvania and elsewhere, defendant

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

knowingly and intentionally used a communication facility, that is, a telephone, in committing, causing, and facilitating the conspiracy described in Count One of this Fifth Superseding Indictment, in violation of Title 21, United States Code, Section 846, a drug felony, in that defendant **COLES** used a telephone to arrange a conversation between defendants **COLES** and James Morris following a trip from which defendant James Morris was returning.

All in violation of Title 21, United States Code, Section 843(b).

84

## COUNT FIFTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 21, 2003, in the Eastern District of Pennsylvania, defendant

**TERRY WALKER,**
**a/k/a "Taz,"**

knowingly and intentionally distributed approximately 246 grams of a mixture and substance

containing a detectible amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (B)(1)(C).

85

## COUNT FIFTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 21, 2003, in the Eastern District of Pennsylvania, defendant

**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

knowingly and intentionally possessed with the intent to distribute approximately 246 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT FIFTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 27, 2004, in the Eastern District of Pennsylvania, defendant

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is, a Baretta, caliber 9 millimeter, semi-automatic pistol, serial number

082733MC, loaded with seven rounds of live ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 24, 2004, in the Eastern District of Pennsylvania, defendant

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is, a silver and black Smith & Wesson 9 millimeter semi-automatic

handgun, serial number TEU8998, loaded with four rounds of live ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

### *SECTION V:  AUGUST 10, 2005*

### <u>COUNT SIXTY-ONE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about September 2002 to on or about August 10, 2005, in the

Eastern District of Pennsylvania, defendants

**ALTON COLES**,
　　　　a/k/a "Ace,"
　　　　a/k/a "Ace Capone,"
　　　　a/k/a "Naseem Coles,"
　　　　a/k/a "Naiil Johnson,"
　　　　a/k/a "Lamar Johnson,"
**DANTE TUCKER,**
　　　　a/k/a "Dant," and
**TIMOTHY BAUKMAN,**
　　　　a/k/a "Tauheed Baukman,"
　　　　a/k/a "Tim Gotti,"
　　　　a/k/a "T Dog,"

knowingly managed and controlled, and knowingly aided and abetted the management and

control of, the apartment located at 339 East Essex Avenue, Lansdowne, Pennsylvania, as lessees

and occupants, and knowingly and intentionally made available for use this apartment for the

purpose of unlawfully storing and distributing a controlled substance, that is, cocaine and cocaine

base ("crack"), Schedule II controlled substances, for defendants **COLES**, **BAUKMAN**, and

**TUCKER** and others known and unknown to the grand jury.

In violation of Title 21, United States Code, Section 856(a)(2), and Title 18,

United States Code, Section 2.

## COUNT SIXTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**
**DANTE TUCKER,**
**a/k/a "Dant," and**
**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog,"**

knowingly and intentionally possessed with the intent to distribute approximately 495 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT SIXTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog,"**

knowingly possessed a firearm, that is, (i) an Ingram 9 millimeter machine gun, Model M11,

serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition; (ii) a Full

Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated,

loaded with 30 live rounds of 9 millimeter ammunition; and (iii) a Taurus .38 caliber revolver,

Model 85, serial number SE28453, loaded with five live rounds of .38 caliber ammunition, in

furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title

21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT SIXTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

knowingly and intentionally possessed with intent to distribute approximately 98 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIXTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

knowingly possessed a firearm, that is, a 9 millimeter Smith & Wesson semi-automatic handgun,

Model 910, serial number VKN4799, loaded with ten live rounds of ammunition, and a .45

caliber Auto Ordnance semi-automatic handgun, Model 1911 A1, serial number AOC43338,

loaded with seven live rounds of ammunition, in furtherance of a drug trafficking crime for which

he may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and

cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, and possession

with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

93

## COUNT SIXTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**HAKIEM JOHNSON,**
**a/k/a "Hak,"**
**a/k/a "Uncle Hak,"**
**a/k/a "Unc,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is, a 9 millimeter Smith & Wesson semi-automatic handgun, Model

910, serial number VKN4799, loaded with ten live rounds of ammunition, and a .45 caliber Auto

Ordnance semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with

seven live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

94

## COUNT SIXTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JAMES MORRIS,**
**a/k/a "J," and**
**THAIS Y. THOMPSON**

knowingly possessed, and aided and abetted the possession of, a firearm, that is, a Smith & Wesson, Model CS9, 9 millimeter semi-automatic pistol, serial number EKY2026, loaded with 7 rounds of live ammunition, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, and managing and controlling, and aiding and abetting the management and control of, a house for the purpose of unlawfully storing and distributing a controlled substance, that is, cocaine, in violation of Title 21, United States Code, Section 856(a)(2), and Title 18, United States Code, Section 2.

In violation of Title 18, United States Code, Section 924(c)(1) and 2.

<u>**COUNT SIXTY-EIGHT**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
  **a/k/a "Ace,"**
  **a/k/a "Ace Capone,"**
  **a/k/a "Naseem Coles,"**
  **a/k/a "Naiil Johnson,"**
  **a/k/a "Lamar Johnson,"**
**DANTE TUCKER,**
  **a/k/a "Dant," and**
**TIMOTHY BAUKMAN,**
  **a/k/a "Tauheed Baukman,"**
  **a/k/a "Tim Gotti,"**
  **a/k/a "T Dog,"**

knowingly possessed, and aided and abetted the possession of, a firearm, that is, (i) a .223 caliber

Ruger rifle, Model Mini-14, serial number 186-76850; (ii) a Mossberg 12-gauge shotgun, Model

500A, serial number P219487, loaded with two 12-gauge rounds of live ammunition; (iii) a 9

millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9

millimeter ammunition; (iv) a 9 millimeter Intratec semi-automatic handgun, Model Tec-DC9,

serial number obliterated; (v) a 9 millimeter Leinad semi-automatic handgun, serial number 94-

0019957, loaded with a magazine containing 32 live rounds of 9 millimeter ammunition; (vi) a

.22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number

31336, loaded with 11 live rounds of .22 caliber ammunition; (vii) a .357 Dan Wesson handgun,

Model .357 Magnum revolver, serial number 27755, loaded with 6 live rounds of ammunition;

(viii) a 9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number

KAA2149; (ix) a .22 Magnum Davis Industries handgun, Model DW-22, serial number 210164,

loaded with 1 live round of .22 caliber ammunition; and (x) a 9 millimeter Feg semi-automatic

handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, and possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

<u>COUNT SIXTY-NINE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**ALTON COLES**,
              **a/k/a "Ace,"**
              **a/k/a "Ace Capone,"**
              **a/k/a "Naseem Coles,"**
              **a/k/a "Naiil Johnson,"**
              **a/k/a "Lamar Johnson," and**
      **DONTE TUCKER,**
              **a/k/a "Dant,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

commerce a firearm, that is: (i) a .223 caliber Ruger rifle, Model Mini-14, serial number 186-

76850; (ii) a Mossberg 12-gauge shotgun, Model 500A, serial number P219487, loaded with two

12-gauge rounds of live ammunition; (iii) a 9 millimeter Hi-Point rifle, Model 995, serial number

A80874, loaded with 10 live rounds of 9 millimeter ammunition; (iv) a 9 millimeter Intratec semi-

automatic handgun, Model Tec-DC9, serial number obliterated; (v) a 9 millimeter Leinad semi-

automatic handgun, serial number 94-0019957, loaded with a magazine containing 32 live rounds

of 9 millimeter ammunition; (vi) a .22 caliber Stoeger Arms semi-automatic handgun, Model .22

caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition; (vii) a

.357 Dan Wesson handgun, Model ..357 Magnum revolver, serial number 27755, loaded with six

live rounds of ammunition; (viii) a 9 millimeter Smith & Wesson semi-automatic handgun, Model

SW9M, serial number KAA2149; (ix) a .22 magnum Davis Industries handgun, Model DW-22,

serial number 210164, loaded with one live round of .22 caliber ammunition; and (x) a 9

millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with

two live rounds of 9 millimeter ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## <u>COUNT SEVENTY</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**MONIQUE PULLINS**

knowingly possessed, and aided and abetted, and willfully caused the possession of, a firearm,

that is, a Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US,

loaded with 16 live rounds of ammunition, in furtherance of a drug trafficking crime for which

they may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine

and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT SEVENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania and elsewhere, defendant

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, and aided and abetted and willfully caused the possession of, in and affecting interstate commerce, a firearm, that is, a Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 2.

101

## COUNT SEVENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania and elsewhere, defendant

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

knowingly possessed, and aided and abetted and willfully caused the possession of, a firearm, that is, a Sig, Model SP 2340, .40 caliber semi-automatic pistol, serial number SP0004665, loaded with 9 rounds of live ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT SEVENTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

### ANWAR LINDER

knowingly and intentionally possessed with intent to distribute 50 grams or more, that is,

approximately 117.9 grams, of a mixture and substance containing a detectible amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT SEVENTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON**

knowingly and intentionally possessed with intent to distribute approximately 365 grams of a

mixture and substance containing a detectible amount of cocaine, and approximately 4.7 grams of

a mixture and substance containing a detectible amount of cocaine base ("crack"), both Schedule

II controlled substances.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## <u>COUNT SEVENTY-FIVE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

knowingly possessed a firearm, that is, a Glock, Model 19, 9 millimeter semi-automatic pistol,

serial number ATM317US, loaded with 15 live rounds of ammunition, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States

Code, Section 846, and possession with intent to distribute cocaine and cocaine base ("crack"), in

violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

In violation of Title 18, United States Code, Section 924(c)(1).

105

<u>**COUNT SEVENTY-SIX**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in the Eastern District of Pennsylvania, defendant

**DESMOND FAISON,**
**a/k/a "Dez,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Glock, Model 19, 9 millimeter semi-automatic pistol, serial number ATM317US, loaded with 15 live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

### *SECTION VI: FINANCIAL CRIMES*

### COUNT SEVENTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    The allegations of all of the paragraphs of the "Manner and Means" section and all of the paragraphs of the "Overt Acts" section of Count One of this Fifth Superseding Indictment are incorporated by reference and re-alleged here.

      2.    From on or about July 3, 2001, to on or about August 10, 2005, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson," and**
**KRISTINA LATNEY**

conspired and agreed together and with others known and unknown to the grand jury to knowingly and intentionally conduct financial transactions affecting interstate commerce, that is, the purchase of automobiles, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846,  knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of this specified unlawful activity, and that while conducting these financial transactions knew that the monetary instruments involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

At times material to this indictment:

3.     Defendants **ALTON COLES** and **KRISTINA LATNEY** sought to conceal the nature, location, source, ownership and control of the drug proceeds of defendant **COLES's** Cocaine Gang **(CCG)** by acquiring automobiles in the name of defendant **LATNEY**.

4.     Defendants **ALTON COLES** and **KRISTINA LATNEY** purchased cars by obtaining car loans in defendant **LATNEY's** name for part of the purchase price and paying the balance with drug proceeds from the **CCG**.

5.     Defendants **ALTON COLES** and **KRISTINA LATNEY** obtained car loans by falsely stating that defendant **LATNEY** had a substantial income, when, in fact, the statements regarding her employment and income were false, and the documents, such as IRS form W-2s,  provided to substantiate her income were fraudulent.

6.     Defendants **ALTON COLES** and **KRISTINA LATNEY** paid the amounts due on the car loans using the **CCG** drug proceeds, which were deposited to an account in defendant **LATNEY's** name.

7.     Defendant **ALTON COLES** traded and exchanged cars with a person known to the grand jury without changing the title, registration or insurance information on the cars involved.

## OVERT  ACTS

_____In furtherance of the conspiracy, and to accomplish its objects, the

following overt acts, among others, were performed by the defendants in the Eastern District of

Pennsylvania and elsewhere:

        1.      On or about July 3, 2001:

        a.      Defendant **ALTON COLES** purchased a new 2001 Mercedes

Benz S-430, VIN  WDBNG70J91A220346 (the "Mercedes S-430), for $74,900 from Metro Auto

Sales, and titled it in the name of defendant **KRISTINA LATNEY**.

        b.      At the direction of defendant **ALTON COLES**, defendant

**KRISTINA LATNEY** made a materially false application for a car loan from Commerce Bank

to finance part of the purchase price of the Mercedes S-430.

        c.      At the direction of defendant **ALTON COLES,** defendant

**KRISTINA LATNEY** submitted false and fraudulent documents, in connection with her car

loan application concerning the Mercedes S-430, which purported to verify her employment and

income.

        2.      At the direction of defendant **ALTON COLES,** defendant **KRISTINA**

**LATNEY** made monthly payments of over $700, from in or about August 2001 through in or

about June 2005, on the Mercedes S-430 from a Commerce Bank account in her name, funded by

the **CCG** drug proceeds.

        3.      On or about January 19, 2002:

        a.      Defendant **ALTON COLES** purchased a 2002 Cadillac Escalade,

VIN 1GYEK63N02R105690 (the "Cadillac Escalade"), for $56,500 from Metro Auto Sales, and

titled it in the name of defendant **KRISTINA LATNEY**.

            b.      At the direction of defendant **ALTON COLES,** defendant

**KRISTINA LATNEY** made a materially false application for a car loan from Commerce Bank

to finance part of the purchase price of the Cadillac Escalade.

            c.      At the direction of defendant **ALTON COLES,** defendant

**KRISTINA LATNEY** submitted false and fraudulent documents, in connection with her car

loan application concerning the Cadillac Escalade, which purported to verify her employment and

income.

            4.      At the direction of defendant **ALTON COLES,** defendant **KRISTINA**

**LATNEY** made monthly payments of over $700, from in or about June 2002 through in or about

June 2005, on the Cadillac Escalade from a Commerce Bank account in her name, funded by the

**CCG** drug proceeds.

            5.      Between in or about January 2001 and in or about December 2002,

defendant **ALTON COLES** exchanged and traded the Mercedes S-430 and Cadillac Escalade for

a 1999 Bentley, VIN SCBLB51E8XCX02819.

           All in violation of Title 18, United States Code, Section 1956(h).

## COUNT SEVENTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 7, 2004, in the Eastern District of Pennsylvania and

elsewhere, defendant

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson,"**

knowingly and intentionally conducted a financial transaction affecting interstate commerce, that

is, the purchase of a 2000 Ford Excursion automobile for approximately $18,900, which involved

the proceeds of a specified unlawful activity, that is, a conspiracy to distribute cocaine and

cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, knowing that

the transaction was designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of this specified unlawful activity, and knowing

that the financial transaction, involved the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT SEVENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 29, 2005, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson," and**
**ASYA M. RICHARDSON**

knowingly and intentionally conducted, and aided and abetted, and willfully caused the conducting of, a financial transaction affecting interstate commerce, that is, the purchase of real property known as 117 Dillon's Lane, Mullica Hill, New Jersey, for approximately $466,690, plus closing costs, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of this specified unlawful activity, and while conducting this financial transaction knew that the transaction involved the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT EIGHTY

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about February 10, 2005 to on or about February 8, 2006, in the

Eastern District of Pennsylvania and elsewhere, defendants

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson," and**
**ASYA M. RICHARDSON**

conspired and agreed together to knowingly and intentionally conduct financial transactions

affecting interstate commerce, that is, the purchase and sale of real property known as 117

Dillon's Lane, Mullica Hill, New Jersey, ("Dillon's Lane") for approximately $466,690, plus

closing costs, which involved the proceeds of a specified unlawful activity, that is a conspiracy to

distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code,

Section 846,  knowing that the transactions were designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of this specified

unlawful activity, and while conducting these financial transactions knew that the monetary

instruments involved in the financial transactions represented the proceeds of some form of

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

113

## MANNER AND MEANS OF THE CONSPIRACY

At times material to this indictment:

1.      Defendants **ALTON COLES** and **ASYA M. RICHARDSON** sought to conceal the nature, location, source, ownership and control of defendant **COLES's** drug conspiracy proceeds by acquiring Dillon's Lane in the name of defendant **RICHARDSON**.

2.      Defendants **ALTON COLES** and **ASYA M. RICHARDSON** obtained a loan for the purchase of Dillon's Lane by falsely stating that defendant **RICHARDSON** had a substantial income, when in fact the statements regarding her employment and income were false.

3.      Defendants **ALTON COLES** and **ASYA M. RICHARDSON** used defendant **COLES's** drug proceeds to fund the purchase of Dillon's Lane.

4.      Defendant **ALTON COLES** deposited the cash proceeds of drug trafficking to bank accounts in amounts less than $10,000 for the purpose of evading bank reporting requirements, and then converted the proceeds into monetary instruments, such as checks.

5.      Defendants **ALTON COLES** and **ASYA M. RICHARDSON** sold Dillon's Lane a few months after purchasing the property, and deposited the proceeds of the sale into a bank account in the name of defendant **RICHARDSON.**

**OVERT ACTS**

_____In furtherance of the conspiracy, and to accomplish its objects, the following overt

acts, among others, were performed by the defendants in the Eastern District of Pennsylvania and

elsewhere:

| Overt Act | Date | Amount | Description |
|---|---|---|---|
| 1. | 2/10/05 | 2,500 | Alton Coles deposited cash in the Citizens Bank "Take Down" account. |
| 2. | 2/15/05 | 2,800 | same |
| 3. | 2/20/05 | | **COLES** and **RICHARDSON** sign an agreement of sale on Dillon's Lane with Ryan Homes. |
| 4. | 2/22/05 | 8,600 | Alton Coles deposited cash in the Citizens Bank "Take Down" account. |
| 5. | 2/22/05 | 10,000 | Transfer to Citizens Bank "Alton Coles" account |
| 6. | 2/20/05 | 10,000 | Check from Citizens Bank "Alton Coles" account to Ryan Homes, the seller of Dillon's Lane. |
| 7. | 3/14/05 | 7,000 | Cash deposit to Citizens Bank "Take Down" account |
| 8. | 3/22/05 | 9,900 | same |
| 9. | 3/23/05 | 4,350 | same |
| 10. | 3/28/05 | 9,250 | same |
| 11. | 3/28/05 | 30,000 | Transfer to Citizens Bank "Alton Coles" account |
| 12. | 3/28/05 | 30,000 | Check from Citizen's Bank "Alton Coles" account to Ryan Homes |
| 13. | 6/14/05 | 1,800 | Cash deposit to Citizens Bank "Alton Coles" account |
| 14. | 7/5/05 | 2,800 | same |

| Overt Act | Date | Amount | Description |
|-----------|------|--------|-------------|
| 15. | 7/11/05 | 5,568 | Cash deposit to Citizens Bank "Take Down" account |
| 16. | 7/20/05 | 2,500 | same |
| 17. | 7/25/05 | 5,096 | same |
| 18. | 7/27/05 | 3,000 | same |
| 19. | 7/28/05 | 9,700 | same |
| 20. | 7/29/05 | 9,140 | same |
| 21. | 7/29/05 | 9,200 | Cash deposit to Citizens Bank "Alton Coles" account |
| 22. | 7/29/05 | 3,160 | same |
| 23. | 7/29/05 | 36,258 | Check from Citzens Bank "Take Down" account to Citizens Bank "Alton Coles" account |
| 24. | 7/29/05 | 49,000 | Citizens Bank official check to Legacy Title, closing escrow agent |
| 25. | 7/29/05 | 6,160 | Cash deposit to Wachovia Bank "Naseem Coles" account. |
| 26. | 7/29/05 | 6,000 | Wachovia Bank check to Legacy Title |
| 27. | 7/29/05 | 9,800 | Cash deposit to PNC Bank |
| 28. | 7/29/05 | 9,200 | Cash deposit to PNC Bank |
| 29. | 7/29/05 | 19,000 | PNC Bank check to Legacy Title |

30.     On or about July 15, 2005, defendant **ASYA M. RICHARDSON** applied for a residential real estate loan from Chase Bank USA, NA, for the purpose of funding the purchase of Dillon's Lane, and falsely asserted that her combined total monthly income, from two employers, was $9,500, when, in fact, it was nil, and she was wholly dependent financially upon

defendant **ALTON COLES**, her paramour.

31.     On or about July 29, 2005, defendant **ASYA M. RICHARDSON** re-confirmed her false statement of monthly income at the time of closing on Dillon's Lane.

32.     On or about December 20, 2005, defendant **ASYA M. RICHARDSON** sold Dillon's Lane for approximately $490,000.

33.     On or about December 27, 2005 and January 18, 2006, defendant **ASYA M. RICHARDSON** deposited some of the proceeds of the sale of Dillon's Lane into an account at PNC Bank in the name of defendant **RICHARDSON**.

34.     On or about February 8, 2006, defendant **ASYA M. RICHARDSON** caused a check for $9,000 to issue on behalf of defendant **ALTON COLES**.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS EIGHTY-ONE TO EIGHTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about the dates listed below,  in the Eastern District of Pennsylvania and elsewhere, defendant

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson,"**

knowingly structured, and attempted to structure, the transactions described below, with the domestic financial institutions described below, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) and 5325 and regulations prescribed under such sections, that is, a report to the Internal Revenue Service on cash transactions exceeding $10,000:

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 81 | 7/28/05 | 9,700 | Cash deposit to Citizens Bank "Take Down" account |
| 82 | 7/29/05 | 9,140 | same |
| 83 | 7/29/05 | 9,200 | Cash deposit to Citizens Bank "Alton Coles" account |
| 84 | 7/29/05 | 6,160 | Cash deposit to Wachovia Bank "Naseem Coles" account. |
| 85 | 7/29/05 | 9,800 | Cash deposit to PNC Bank |
| 86 | 7/29/05 | 9,200 | Cash deposit to PNC Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3), (d).

118

## COUNTS EIGHTY-SEVEN TO EIGHTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

### BACKGROUND

1.      At all times relevant to Counts Eighty-Seven and Eighty-Eight, defendant **ASYA M. RICHARDSON** was the paramour of defendant **ALTON COLES,** and was financially dependent upon him.

2.      At all times relevant to these Counts Eight-Seven and Eighty-Eight, defendant **ASYA M. RICHARDSON** did not earn a substantial income.

3.      At all times relevant to Counts Eighty-Seven and Eighty-Eight, Chase Bank USA, NA was a national banking association, the deposits of which were insured by the Federal Deposit Insurance Corporation.

### THE SCHEME

From on or about February 10, 2005, to on or about February 8, 2006, in the Eastern District of Pennsylvania and elsewhere, defendants

> **ASYA M. RICHARDSON**, **and**
> **ALTON COLES,**
> > **a/k/a "Ace,"**
> > **a/k/a "Ace Capone,"**
> > **a/k/a "Fat Boy,"**
> > **a/k/a "Naseem Coles,"**
> > **a/k/a "Lamar Johnson,"**
> > **a/k/a "Naiil Johnson,"**

devised and intended to devise a scheme, and aided and abetted the devising and execution of a scheme, to defraud Chase Bank USA, NA, ("Chase") and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

1.      On or about February 10, 2005, **ALTON COLES** and **ASYA M. RICHARDSON** signed an agreement to purchase a residential real property known as 117 Dillon's Lane, Mullica Hill, New Jersey ("117 Dillon's Lane") in the name of **ASYA M. RICHARDSON**.

2.      Between on or about February 10, 2005, and on or about July 29, 2005, **ALTON COLES** arranged for the deposit of approximately $114,000 in cash into banks in Pennsylvania, and the conversion of the cash into monetary instruments, to effect the closing on 117 Dillon's Lane.

3.      On or about July 15, 2005, **ASYA M. RICHARDSON** applied for a loan from Chase Bank USA, NA, in the approximate amount of $360,000, and for the purpose of obtaining this loan, falsely asserted that her combined total monthly income, from two employers, was $9,500, when in fact it was nil.  Had **ASYA M. RICHARDSON** truthfully disclosed her income, she would not have received the loan from Chase.

4.      On or about July 29, 2005, **ASYA M. RICHARDSON** re-confirmed her false statement of monthly income at the time of closing on 117 Dillon's Lane.

5.      On or about December 20, 2005, **ASYA M. RICHARDSON** sold 117 Dillon's Lane for approximately $490,000.

6.      On or about the dates listed below, **ASYA M. RICHARDSON** deposited checks representing some of the proceeds of the sale of 117 Dillon's Lane into an account at PNC Bank in the name of **ASYA RICHARDSON**:

| Check No. | Date of Deposit | Check Amount |
|-----------|-----------------|--------------|
| 48585 | 12/27/05 | $21,646.21 |
| 48582 | 1/18/06 | $21,646.22 |
| 48577 | 1/18/06 | $21,646.21 |

7.       On or about February 8, 2006, defendant **ASYA M. RICHARDSON**

caused a check for $9,000 to issue on behalf of defendant **ALTON COLES** to an attorney

located in Philadelphia, Pennsylvania.

8.       On or about the dates listed below, in the Eastern District of Pennsylvania,

the District of Delaware, and elsewhere, defendants

> **ASYA M. RICHARDSON**, and
> **ALTON COLES,**
> **a/k/a "Ace,"**
> **a/k/a "Ace Capone,"**
> **a/k/a "Fat Boy,"**
> **a/k/a "Naseem Coles,"**
> **a/k/a "Lamar Johnson,"**
> **a/k/a "Naiil Johnson,"**

for the purpose of executing the scheme described above, and aiding and abetting its execution,

and willfully causing its execution, caused to be transmitted by means of wire communication in

interstate commerce a facsimile transmission of an employment (but not income) verification

form to an ostensible employer of defendant **RICHARDSON**:

| Count | Date | Description of Wire Communication |
|-------|------|-----------------------------------|
| 87 | 7/11/2005 | Facsimile transmission of employment (but not income) verification from Delaware to ostensible employer located in Bala Cynwyd, Pennsylvania, within the Eastern District of Pennsylvania. |

| | | |
|---|---|---|
| 88 | 7/13/2005 | Facsimile transmission of employment (but not income) verification from ostensible employer located in Bala Cynwyd,Pennsylvania, within the Eastern District of Pennsylvania, to Delaware. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

##                        COUNTS EIGHTY-NINE TO ONE HUNDRED TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog,"**

knowingly and intentionally conducted financial transactions affecting interstate commerce, that is, payments on the lease of real property known as 339 Essex Avenue, Apartment B, Lansdowne, Pennsylvania, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Fifth Superseding Indictment, knowing that the transactions were designed in whole and in part to promote the carrying on of a specified unlawful activity, and while conducting these financial transactions, knew that the monetary instruments, that is, checks, involved in the financial transactions described below, represented the proceeds of some form of unlawful activity:

| Count | Date | Check Number | Amount |
|-------|------|-------------|--------|
| 89 | 9/17/02 | 1017 | $500 |
| 90 | 11/12/02 | 1024 | $500 |
| 91 | 1/16/03 | 1035 | $500 |
| 92 | 2/14/03 | 1038 | $500 |
| 93 | 3/21/03 | 1044 | $550 |
| 94 | 4/7/03 | 1046 | $500 |

| Count | Date | Check Number | Amount |
|-------|------|--------------|--------|
| 95 | 5/8/03 | 1054 | $500 |
| 96 | 6/19/03 | 1058 | $550 |
| 97 | 7/10/03 | 1074 | $500 |
| 98 | 9/4/03 | 1059 | $550 |
| 99 | 9/9/03 | 1063 | $500 |
| 100 | 10/9/03 | 1069 | $500 |
| 101 | 11/12/03 | 1078 | $500 |
| 102 | 12/9/03 | 1082 | $500 |
| 103 | 1/22/04 | 1085 | $500 |
| 104 | 2/8/04 | 1089 | $500 |
| 105 | 3/11/04 | 1093 | $500 |
| 106 | 4/9/04 | 1095 | $500 |
| 107 | 5/21/04 | 1098 | $500 |
| 108 | 6/22/04 | 1102 | $500 |
| 109 | 7/7/04 | 1104 | $500 |
| 110 | 8/9/04 | 1107 | $500 |
| 111 | 9/13/04 | 1110 | $500 |
| 112 | 10/7/04 | 1034 | $500 |
| 113 | 11/16/04 | 1038 | $500 |
| 114 | 1/5/2005 | 1200 | $500 |
| 115 | 2/8/05 | 1206 | $500 |

| Count | Date | Check Number | Amount |
|-------|---------|--------------|--------|
| 116 | 3/9/05 | 1208 | $500 |
| 117 | 4/6/05 | 1213 | $500 |
| 118 | 5/9/05 | 1216 | $500 |
| 119 | 6/10/05 | 1227 | $500 |
| 120 | 7/6/05 | 1113 | $500 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNTS ONE HUNDRED TWENTY-ONE TO ONE HUNDRED FORTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog,"**

knowingly and intentionally conducted financial transactions affecting interstate commerce, that is, payments on the lease of real property known as Alden Park Apartments, Apartment C1101, 2967 Schoolhouse Lane, Philadelphia, Pennsylvania, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of this specified unlawful activity, and while conducting these financial transactions, knew that the monetary instruments, that is, checks, involved in the financial transactions, described below, represented the proceeds of some form of unlawful activity:

| Count | Date | Check Number | Approximate Amount |
|-------|------|--------------|--------------------|
| 121 | 12/11/02 | 1029 | $1,225 |
| 122 | 1/7/04 | 1084 | $1,735.20 |
| 123 | 3/7/03 | 1040 | $1,525.00 |
| 124 | 4/10/03 | 1048 | $1,525.00 |
| 125 | 5/8/03 | 1052 | $1,525.00 |
| 126 | 6/18/03 | 1056 | $1,725.00 |

| Count | Date | Check Number | Approximate Amount |
|-------|------|--------------|--------------------|
| 127 | 7/14/03 | 1073 | $1,663.39 |
| 128 | 9/5/03 | 1062 | $1,698.57 |
| 129 | 10/7/03 | 1067 | $1,803.68 |
| 130 | 11/7/03 | 1071 | $1,630.00 |
| 131 | 12/11/03 | 1081 | $1,645.63 |
| 132 | 2/10/04 | 1090 | $1,778.83 |
| 133 | 3/11/04 | 1091 | $1,769.05 |
| 134 | 4/8/04 | 1094 | $1,641.25 |
| 135 | 5/24/04 | 1099 | $1,650.00 |
| 136 | 6/14/04 | 1101 | $1,613.03 |
| 137 | 7/13/04 | 1106 | $1,662.65 |
| 138 | 8/10/04 | 1109 | $1,650.00 |
| 139 | 9/21/04 | 1035 | $1,906.36 |
| 140 | 10/8/04 | 1037 | $1,772.89 |
| 141 | 11/15/04 | 1192 | $1,630.87 |
| 142 | 1/18/05 | 1205 | $1,762.94 |
| 143 | 2/9/05 | 1207 | $1,873.91 |
| 144 | 3/10/05 | 1212 | $1,831.55 |
| 145 | 4/21/05 | 1217 | $1,690.38 |
| 146 | 5/17/05 | 1228 | $1,770.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNTS ONE HUNDRED FORTY-SEVEN TO ONE HUNDRED SEVENTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog,"**

knowingly and intentionally conducted financial transactions affecting interstate commerce, that is, payments on a 1999 Jaguar automobile, VIN SAJGX5044XC035080 (the "Jaguar"), which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of this specified unlawful activity, and while conducting these financial transactions, knew that the monetary instruments, that is, checks, involved in the financial transactions described below, represented the proceeds of some form of unlawful activity:

| Count | Date | Check Number | Approximate Amount |
|-------|------|-------------|-------------------|
| 147 | 3/11/02 | 1041 | $592.20 |
| 148 | 4/15/02 | 1004 | $580.59 |
| 149 | 8/27/02 | 1016 | $592.20 |
| 150 | 9/25/02 | 1018 | $592.20 |
| 151 | 10/21/02 | 1082 | $580.59 |
| 152 | 11/8/02 | 1023 | $590.00 |

128

| Count | Date | Check Number | Approximate Amount |
|-------|------|--------------|--------------------|
| 153 | 12/6/02 | 1026 | $580.59 |
| 154 | 2/14/03 | 1037 | $580.59 |
| 155 | 3/21/03 | 1045 | $580.59 |
| 156 | 4/28/03 | 1051 | $580.59 |
| 157 | 5/1/03 | 1055 | $580.59 |
| 158 | 6/30/03 | 1072 | $592.20 |
| 159 | 8/4/03 | 1075 | $600.00 |
| 160 | 9/2/03 | 1060 | $592.50 |
| 161 | 9/23/03 | 1065 | $592.20 |
| 162 | 10/9/03 | 1068 | $580.59 |
| 163 | 11/17/03 | 1079 | $580.59 |
| 164 | 12/19/03 | 1083 | $580.59 |
| 165 | 1/21/04 | 1087 | $580.59 |
| 166 | 2/9/04 | 1088 | $580.59 |
| 167 | 3/9/04 | 1092 | $580.59 |
| 168 | 4/19/04 | 1096 | $580.59 |
| 169 | 5/10/04 | 1097 | $580.59 |
| 170 | 6/24/04 | 1105 | $592.20 |
| 171 | 7/9/04 | 1108 | $580.59 |
| 172 | 8/16/04 | 1111 | $580.59 |
| 173 | 9/13/04 | 1036 | $580.59 |

| Count | Date | Check Number | Approximate Amount |
|-------|------|--------------|--------------------|
| 174 | 10/13/04 | 1039 | $580.59 |
| 175 | 11/18/04 | 1194 | $580.59 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

*SECTION VII: ADDITIONAL CRIMES*

**COUNT ONE-HUNDRED-SEVENTY-SIX**

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     The allegations of all of the paragraphs of the "Manner and Means" section and all of the paragraphs of the "Overt Acts" section of Count One of this Fifth Superseding Indictment are incorporated by reference and re-alleged here.

2.     From in or about January 1998 through on or about August 10, 2005, defendant **ALTON COLES** received substantial income from the drug conspiracy alleged in Count One of this Fifth Superseding Indictment.

3.     On or about January 10, 2002, defendant **ALTON COLES** incorporated an entity known as "Take Down Limited," which he purported to be a legitimate record company.

4.     On or about January 28, 2002, defendant **ALTON COLES** and Take Down Limited entered into an agreement with another entity known to the grand jury and referred to in this indictment as "GDD" to produce a musical performance at the Spectrum, a facility located in Philadelphia, Pennsylvania.  Expenses and income were allocated equally between defendant **COLES** and his corporation, Take Down Limited, on the one hand, and GDD, on the other.  Collectively, defendant **COLES**, Take Down Limited, and GDD are referred to as the "Production Partnership."

5.     From on or about January 11, 2002, to on or about April 5, 2002, the Production Partnership spent approximately $162,262.86 while producing a performance at the Spectrum, a facility located in Philadelphia.

131

6.      On or about April 5, 2002, the Production Partnership realized approximately $142,443.98 in revenue from producing the performance at the Spectrum, which was a total loss of approximately $19,818.88 from the production of the performance at the Spectrum, and a loss of approximately $9,909.44, or 50% of the total loss, to defendant **ALTON COLES** and his corporation, Take Down Limited.

7.      Take Down Limited and the Production Partnership each constitute an "enterprise" as that term is defined in Title 21, United States Code, Section 854(c), which was engaged in, and the activities of which affected, interstate commerce.

8.      From on or about January 11, 2002, to on or about April 5, 2002, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**

having received income derived, directly and indirectly, from a violation of Title 21, United States Code, Section 846, in which defendant participated as a principal within the meaning of Title 18, United States Code, Section 2, knowingly and intentionally used and invested, directly and indirectly, part of such income, and the proceeds of such income, in the acquisition of an interest in, and the establishment and operation of, an enterprise, that is, Take Down Limited and the Production Partnership, which is engaged in, and the activities of which affect interstate and foreign commerce.

All in violation of Title 21, United States Code, Section 854.

## <u>COUNT ONE-HUNDRED-SEVENTY-SEVEN</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 14, 2002, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**TERRY WALKER,**
**a/k/a "Taz,"**

knowingly and intentionally possessed with intent to distribute approximately 490 grams of a

mixture and substance containing a detectible amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT ONE-HUNDRED-SEVENTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 14, 2002, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**TERRY WALKER,**
**a/k/a "Taz,"**

knowingly and intentionally possessed with intent to distribute 5 grams or more, that is,

approximately 26.32 grams of a mixture and substance containing a detectible amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT ONE-HUNDRED-SEVENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 14, 2002, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**TERRY WALKER,**
**a/k/a "Taz,"**

knowingly possessed a firearm, that is, (i) one Jennings, Model Jennings Nine, nine millimeter

semi-auto pistol, serial number 1312329, loaded with three live rounds of ammunition; (ii) one

Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210; (iii) one Dan Wesson

Arms, Model F-Arms, .357 magnum revolver, serial number 304533, loaded with five live

rounds of ammunition; (iv) one Norinco, Model 1911A1, .45 semi-auto pistol, serial number

618962, loaded with eight rounds of ammunition; (v) one Mossberg, Model 500A, 12 gauge

shotgun, serial number L606196, loaded with six live rounds of ammunition, in furtherance of a

drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States

Code, Section 846, and possession with intent to distribute controlled substances, in violation of

Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1).

135

## COUNT ONE HUNDRED-EIGHTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 24, 2004, in the Eastern District of Pennsylvania, defendant

**ADRIAN McKENZIE,**
**a/k/a "Mac,"**

knowingly and while in the employ of defendant Alton Coles, a person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, received, possessed, and transported a firearm, that is, a Glock, Model 32, .357 Sig semi-automatic pistol, in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(h) and 924(a)(2).

## COUNT ONE-HUNDRED-EIGHTY-ONE

**THE GRAND JURY FURTHER CHARGES:**

On or about October 24, 2004, in the Eastern District of Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**ADRIAN McKENZIE,**
**a/k/a "Mac,"**

knowing possessed, and aided and abetted the possession of, a firearm, that is, a Glock, Model

32, .357 Sig semi-automatic pistol, in furtherance of a drug trafficking crime for which they may

be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine

base ("crack"), in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c) and 2.

## <u>COUNT ONE-HUNDRED-EIGHTY-TWO</u>

**THE GRAND JURY FURTHER CHARGES:**

On or about March 27, 2004, in the Eastern District of Pennsylvania and

elsewhere, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson," and**
**ADRIAN McKENZIE**
**a/k/a "Mac,"**

knowingly possessed, and aided and abetted the possession of, a firearm, that is, a Berretta,

Model 8045 Cougar, .45 caliber, semi-automatic pistol, serial number 082733MC, in furtherance

of a drug trafficking crime for which they may be prosecuted in a court of the United States, that

is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United

States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT ONE-HUNDRED-EIGHTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 22, 2004, in Philadelphia, within the Eastern District of

Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**
**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog," and**
**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly possessed, and aided and abetted the possession of, a firearm, that is: (i) a Smith &

Wesson, Model SW9V, nine millimeter semi-automatic pistol, serial number obliterated, and (ii)

a Glock, Model 23, .40 caliber, serial number AFB794US semi-automatic pistol, in furtherance

of a drug trafficking crime for which they may be prosecuted in a court of the United States, that

is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United

States Code, Section 846.

All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

139

## COUNT ONE-HUNDRED-EIGHTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 22, 2004, in Philadelphia, in the  Eastern District of

Pennsylvania, defendants

**ALTON COLES**,
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Naiil Johnson,"**
**a/k/a "Lamar Johnson,"**
**TIMOTHY BAUKMAN,**
**a/k/a "Tauheed Baukman,"**
**a/k/a "Tim Gotti,"**
**a/k/a "T Dog," and**
**JAMAR CAMPBELL,**
**a/k/a "Mar,"**

knowingly used and carried, and aided and abetted the use and carrying of, a firearm, that is: (i) a

Smith & Wesson, Model SW9V, nine millimeter semi-automatic pistol, serial number

obliterated; and (ii) a Glock, Model 23, caliber .40 Smith & Wesson, serial number AFB794US

semi-automatic pistol, during and in relation to a drug trafficking crime for which they may be

prosecuted in a court of the United States, that is, conspiracy to distribute cocaine and cocaine

base ("crack"), in violation of Title 21, United States Code, Section 846.

All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT ONE-HUNDRED-EIGHTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 26, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, and in Baltimore, in the District of Maryland, defendants

**GARY CREEK,**
**a/k/a "Dirtbike HOV," and**
**ANTONIO LAMONT JACKSON,**
**a/k/a "Teefy,"**

knowingly possessed, and aided and abetted the possession of, a firearm, that is: (i) one Intratec,

Model Tec-DC9, nine millimeter semi-automatic pistol, serial number D63762, loaded with 11

live rounds of ammunition, (ii) one Intratec, Model AB-10, nine millimeter semi-automatic

pistol, serial number A054783, loaded with 27 live rounds of ammunition, and (iii) one Colt,

Model "Cobra," .38 caliber revolver, serial number SW 154738LW, loaded with six live rounds

of ammunition, in furtherance of a drug trafficking crime for which they may be prosecuted in a

court of the United States, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in

violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2

141

## COUNT ONE-HUNDRED-EIGHTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 15, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, and in Baltimore, in the District of Maryland, defendant

**GARY CREEK,**
**a/k/a "Dirtbike HOV,"**

knowingly possessed a firearm, that is, one Glock, Model 17, nine millimeter semi-automatic

pistol, serial number XG347US, loaded with 17 rounds of ammunition, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States

Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT ONE-HUNDRED-EIGHTY-SEVEN

**THE GRAND JURY CHARGES THAT:**

On or about August 10, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**TIMOTHY BAUKMAN,**
                **a/k/a "Tauheed Baukman,"**
                **a/k/a "Tim Gotti,"**
                **a/k/a "T Dog,"**

knowingly received and possessed a firearm, that is, an Ingram 9 millimeter machine gun, Model

M11, serial number 85-0006193, loaded with 29 live rounds of ammunition, which is not

registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Section 5861(d).

## <u>COUNT ONE-HUNDRED-EIGHTY-EIGHT</u>

**THE GRAND JURY CHARGES THAT:**

On or about August 10, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**AL ZUAGAR,**
**a/k/a "Zu,"**
**a/k/a "Alfonso Zuagar,"**
**a/k/a "Junior Zuagar,"**

knowingly possessed a firearm, that is, a Smith & Wesson, Model SW9V, nine millimeter semi-

automatic pistol, with an obliterated serial number, in furtherance of a drug trafficking crime for

which he may be prosecuted in a court of the United States, that is, conspiracy to distribute

cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

144

## COUNT ONE-HUNDRED EIGHTY-NINE

**THE GRAND JURY CHARGES THAT:**

At times pertinent to this Fifth Superseding Indictment:

1.      Defendant **THAIS Y. THOMPSON** was the girlfriend of, and mother of children by, defendant James Morris.  Defendant **THOMPSON** lived at 5 Burden Hill Road, Quinton, New Jersey.

2.      On March 22, 2006, a federal grand jury in the Eastern District of Pennsylvania returned a Fourth Superseding Indictment in this case, charging defendants Alton Coles, James Morris, and others with participating in a conspiracy to distribute approximately 600 kilograms of cocaine base ("crack") and 1,200 kilograms of cocaine between in or about January 1998 to on or about August 10, 2005.

3.      The Fourth Superseding Indictment charged, among other things, that defendant Alton Coles was supplied with multi-kilogram deliveries of cocaine by defendant James Morris, who arranged for deliveries from sources outside the Eastern District of Pennsylvania.

4.      On or before April 11, 2006, defendant **THAIS Y. THOMPSON** paid a law firm, Cogan, Petrone & Associates, $25,000 cash in attorney's fees on behalf of defendant Alton Coles.

5.      It was a matter material to the grand jury to determine the source of funds used to pay the attorney's fees for defendant Alton Coles.

6.      On or about June 7, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**THAIS Y. THOMPSON,**

while under oath in a proceeding before the federal grand jury of the United States District Court

for the Eastern District of Pennsylvania, knowingly made false declarations in response to

questions asked to her with respect to the material matter as described in Paragraph Five of this

Count as follows:

Q.      Since James Morris got arrested, you haven't made any payment on

his behalf to any lawyers, have you?

A.      No I have not.

Q.      You haven't made any payments to any attorneys since he got

arrested, other than your own; is that correct?

A.      <u>No, I have not.</u>

* * *

Q.      Now, other than your lawyer and this $1,500, you haven't paid any

other lawyers, have you?

A.      <u>No.</u>

Q.      Now, you just – you haven't had like 25 or $50,000 hanging around

over the last few months, have you?

A.      I wish.  No, I haven't.

Q.      Well, you know, your family hasn't like given you 25 or $50,000,

right?

A.      No.

Q.    They haven't just said here, here's $25,000 in cash, go do what you need to do?

A.    No.  They give me a couple 100 at a time, but that's basically about it.

Q.    Nobody's given you any, like, 25 or $50,000 to go pay lawyers or to do things in litigation or anything like that, correct?

A.    No.  I don't owe any lawyers that much money.

Q.    You haven't paid that money for something else?  You haven't been like a courier to go pay somebody, correct?

A.    Not that I recall.

            * * *

Q.    You – you haven't had 25,000 in cash over the last six months?

A.    No, I don't have 25,000 cash.

Q.    You haven't given 25,000 in cash to anybody, correct?

A.    No, I have not.

Q.    Not – not just in the last six months, you haven't given 25,000 in cash to anybody ever, have you?

A.    No.

7.      The underlined testimony of defendant **THAIS Y. THOMPSON**, as set forth in Paragraph Six of this Count, as defendant **THOMPSON** then well knew and believed, was false, in that defendant **THOMPSON** knew at the time she made these statements that she had paid $25,000 in cash to the law firm of Cogan, Petrone & Associates on behalf of defendant Alton Coles to help pay for Coles's attorney's fees in this case.

In violation of Title 18, United States Code, Section 1623(a).

148

## COUNT ONE-HUNDRED-NINETY

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     The allegations of paragraphs one through three of Count 189 of this Fifth Superseding Indictment are incorporated by reference and re-alleged here.

2.     It was a matter material to the grand jury to determine whether defendant James Morris possessed any bank accounts and any other assets.

3.     On or about June 7, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### THAIS Y. THOMPSON,

while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, knowingly made false declarations in response to questions asked to her with respect to the material matter as described in paragraph two of this Count as follows:

Q.     Now, ma'am, what does James Morris do for a living?

A.     As far as I know he works through the union.

                      * * *

Q.     To your knowledge does he own any - - any property?

A.     No.

Q.     Does he own any stocks?

A.     No.

Q.     Bonds?

A.     Not to my knowledge.

149

Q.      CDs?

A.      Not to my knowledge.

Q.      How about IRAs?

A.      Not to my knowledge.

Q.      Did he have any bank accounts?

A.      <u>I really don't know.</u>

4.      The underlined testimony of defendant **THAIS Y. THOMPSON**, as set forth in Paragraph 3 of this Count, as defendant **THOMPSON** then well knew and believed, was false, in that defendant **THOMPSON** knew at the time she made this statement that defendant James Morris had a bank account at the Delaware Federal Credit Union.

In violation of Title 18, United States Code, Section 1623(a).

<u>**COUNT ONE-HUNDRED-NINETY-ONE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     The allegations of paragraphs one through three of Count 189 of this indictment are incorporated by reference and realleged here.

2.     It was a matter material to the grand jury to determine the true ownership and possession of the approximately $559,396.21 in cash found at 5 Burden Hill Road in Quinton, New Jersey.

3.     On or about June 7, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**THAIS Y. THOMPSON,**

while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, knowingly made false declarations in response to questions asked to her with respect to the material matter as described in paragraph two of this Count as follows:

Q.     Now, the fact is that Mr. Morris told the agents it was his money lying around the house; isn't that true?

A.     I have no idea.  I do not know what he told any agent.

Q.     But your testimony to this Grand Jury is that it wasn't his money?

A.     <u>Nothing there is.  If it didn't come out of his pocket.</u>

Q.     No.  I'm - - I'm asking about the cash lying around your house where you live.  You're saying that that was not his money?

A.     <u>No, it was not.</u>

4.      The underlined testimony of defendant **THAIS Y. THOMPSON**, as set forth in paragraph 3 of this Count, as defendant **THOMPSON** then well knew and believed, was false, in that defendant **THOMPSON** knew at the time she made this statement that the approximately $559,396.21 in cash found at 5 Burden Hill Road in Quinton, New Jersey, was in whole or in part defendant James Morris's money.

In violation of Title 18, United States Code, Section 1623(a).

## COUNT ONE-HUNDRED-NINETY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    The allegations contained in each of the paragraphs of Counts 189 through 191 of this Fifth Superseding Indictment are incorporated by reference and re-alleged here.

2.    On or about June 7, 2005, in Philadelphia, within the Eastern District of Pennsylvania, defendant

### THAIS Y. THOMPSON,

knowing that an offense against the United States had been committed by defendant James Morris, that is, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), as alleged in Count One of the Fourth Superseding Indictment in this case, in violation of Title 21, United States Code, Section 846, knowingly and intentionally assisted defendant James Morris in order to prevent his apprehension, trial and punishment, by making the false statements alleged in Counts 189 through 191 of this Indictment.

In violation of Title 18, United States Code, Section 3.

<u>**COUNT ONE-HUNDRED-NINETY-THREE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**DANTE TUCKER,**
**a/k/a "Dant,"**

knowingly possessed a firearm, that is, a Glock, Model 19, 9 millimeter semi-automatic pistol,

serial number ACB385US, loaded with 15 live rounds of ammunition, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States

Code, Section 846.

In violation of Title 18, United States Code, Section 924(c)(1).

154

## COUNT ONE-HUNDRED-NINETY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 10, 2005, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**DANTE TUCKER,**
**a/k/a "Dant,"**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Glock, Model 19, 9 millimeter semi-automatic pistol, serial number ACB385US, loaded with 15 live rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

### SECTION VII:  FORFEITURE

### NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 21, United States Code, Sections

841, 843, 846, 848, 854 and 856 set forth in this Fifth Superseding Indictment, defendants

> **ALTON COLES,**
> > a/k/a "Ace,"
> > a/k/a "Ace Capone,"
> > a/k/a "Fat Boy,"
> > a/k/a "Naseem Coles,"
> > a/k/a "Lamar Johnson,"
> > a/k/a "Naiil Johnson,"
>
> **TIMOTHY BAUKMAN,**
> > a/k/a "Tauheed Baukman,"
> > a/k/a "Tim Gotti,"
> > a/k/a "T,"
>
> **HAKIEM JOHNSON,**
> > a/k/a "Hak,"
> > a/k/a "Uncle Hak,"
> > a/k/a "Unc,"
>
> **DANTE TUCKER,**
> > a/k/a "Dant,"
>
> **TERRY WALKER,**
> > a/k/a "Taz,"
>
> **AL ZUAGAR,**
> > a/k/a "Zu,"
> > a/k/a "Alfonso Zuagar,"
> > a/k/a "Junior Zuagar,"
>
> **CHARLTON CUSTIS,**
> > a/k/a "Gusto,"
>
> **KEENAN BROWN,**
> > a/k/a "Nino Brown,"
> > a/k/a "Dot,"
>
> **ROBERT COOPER,**
> > a/k/a "O.G.,"
> > a/k/a "Robert Hall,"
>
> **JAMAR CAMPBELL,**
> > a/k/a "Mar,"

**GARY CREEK,**
      **a/k/a "Dirtbike HOV,"**
**MONIQUE PULLINS,**
**JAMES MORRIS,**
      **a/k/a "J,"**
**DESMOND FAISON,**
      **a/k/a "Dez,"**
**ANWAR LINDER,**
**TYREK MCGETH,**
      **a/k/a "Hammer,"**
**LYNETTE SIMPSON,**
**ADRIAN MCKENZIE,**
**ANTONIO LAMONT JACKSON, and**
**THAIS Y. THOMPSON**

shall forfeit to the United States:

(I)      any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offenses, including but not limited to the

following:

a.      a Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number

A013845, loaded with four live rounds of ammunition;

b.      a Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433,

loaded with six live rounds of ammunition;

c.      a Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790,

loaded with 12 live rounds of ammunition;

d.      a Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial

number A8512;

e.      a Baretta, caliber 9 millimeter, semi-automatic pistol, serial number

082733MC, loaded with seven rounds of live ammunition;

f.      a silver and black Smith & Wesson 9 millimeter semi-automatic handgun, serial number TEU8998, loaded with four rounds of live ammunition;

g.      a Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic pistol, serial number AFB794US loaded with 9 rounds of live ammunition;

h.      Ingram 9 millimeter semi-automatic handgun, Model M11, serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

i.      Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

j.      Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

k.      Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial number VKN4799, loaded with 10 live rounds of ammunition;

l.      Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition;

m.      .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n.      Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

o.      9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

p.      9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

q.    9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter ammunition;

r.    .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

s.    .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

t.    9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

u.    .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

v.    9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

w.    Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x.    377 additional live rounds of 9 millimeter ammunition;

y.    6 additional live rounds of .357 ammunition; and

z.    1 additional live round of .22 caliber ammunition;

aa.    one Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

bb.    one Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

159

cc.     one Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial

        number 304533, with five live rounds of ammunition;

dd.     one Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight

        rounds of ammunition;

ee.     one Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live

        rounds of ammunition;

ff.     one Sturm Roger empty magazine;

gg.     one box of 50 Federal .22 caliber cartridges;

hh.     one box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii.     one box of Remington 12 gauge shot gun shells, with 12 shells;

jj.     one box of Federal .22 caliber, with 38 cartridges;

kk.     one magazine containing seven .32 caliber cartridges;

ll.     one empty Glock gun box, for a Glock, Model 32, .357 caliber, serial

        number E MM544US;

mm.     one box of Speer .357 Sig ammunition, containing 29 cartridges;

nn.     one box, UMC .25 Auto ammunition, containing 41 cartridges;

oo.     one box, American Eagle .380 Auto ammunition, containing 11 cartridges.

pp.     real property known as 118 South 46th Street, Philadelphia, Pennsylvania,

        titled in the name of defendant **KRISTINA LATNEY**;

qq.     Currency seized on or about August 10, 2005, as follows:

        (i)     from defendant **TIMOTHY BAUKMAN**, 2967 School

                House Lane, Philadelphia, PA: $15,000 recovered on a

dining room table, $10,000 recovered in a bedroom, and $16.07 recovered in defendant **BAUKMAN's** wallet;

(ii)     from defendant **DESMOND FAISON**, 304 East 23rd Street, Chester, PA: $13,000 recovered in vehicle, $74,120 recovered in residence, $279 recovered in shorts pocket, $240 recovered in residence;

(iii)    from defendants **JAMES MORRIS and THAIS Y. THOMPSON**, 5 N. Burden Hill, Quinton, NJ: $559,396.21 recovered in residence, and from defendant **MORRIS,** $2,574 recovered in vehicle;

(iv)    from defendant **ALFONSE ZUAGAR**, 5536 Paschall Avenue, Philadelphia, PA: $1,515 recovered in residence;

(v)     from defendant **ALTON COLES**, 292 Mannington Yorktown Road, Woodstown, NJ: $114,780 recovered in residence;

(vi)    from defendant **ALTON COLES**, 117 Dillons Lane, Mullica Hill, NJ: $160 recovered in residence;

(vii)   from defendant **DANTE TUCKER**, 957 N. 66th Street, Philadelphia, PA: $1980 recovered in residence;

(viii)  from defendant **HAKIEM JOHNSON**, 7130 Upland Street, Philadelphia, PA: $862 recovered in vehicle.

(qq)   The following automobiles:

(i)   2001 Cadillac, PA Tag FXA-7602
Vin #1G6KD54YX1U132593

(ii)   1999 Bentley, NJ Tag PJZ-90F
Vin #SCBLB51E8XCX02819

(iii)   Chevrolet Suburban, NJ Tag MRP-32P
VIN 36NFK162X26216069

rr.   Real property known as 7040 Greenway Avenue, Philadelphia, PA;

ss.   5 North Burden Hill Road, Quinton, NJ; and

tt.   Approximately $162,262.86 in United States currency, representing the

amount used and invested, as alleged in Count 175.

(II)   any property constituting, or derived from, proceeds obtained

directly or indirectly from the commission of such offenses, including, but not limited to,

a.   approximately $114,000, being the amount of United States

currency used to purchase 117 Dillon's Lane, Mullica Hill, NJ;

b.   approximately $64,938.64 deposited to PNC Bank Account

#8605541762 in the name of defendant **ASYA M.**

**RICHARDSON**, being proceeds of the sale of 117 Dillon's Lane,

Mullica Hill, NJ;

c.   approximately $490,000, being the sale price of 117 Dillon's Lane,

Mullica Hill, New Jersey;

d.   approximately $9,000, being the amount of a check issued on or

about February 8, 2006 from PNC Bank Account #8605541762 in

the name of defendant **ASYA M. RICHARDSON**;

162

e.  approximately $76,432.38, being the value of the monetary instruments used in the commission of counts 89-175 by defendant **TIMOTHY BAUKMAN;**

f.  approximately $18,900, being the purchase price of a 2000 Ford Excursion automobile acquired by defendant **ALTON COLES**, a/k/a "Naseem Coles," together with the 2000 Ford Excursion, VIN 1EMNU41S1Y3A6;

g.  approximately $74,900, being the purchase price of a 2001 Mercedes Benz S-430 acquired by defendants **ALTON COLES** and **KRISTINA LATNEY**, together with the 2001 Mercedes Benz S-430, VIN WDBNG70J91A220346;

h.  approximately $46,132, being the purchase price of a 1999 Jaguar acquired by defendant **TIMOTHY BAUKMAN**, together with the 1999 Jaguar, VIN SAJGX5044XC035080;

i.  approximately $56,500, being the purchase price of a 2002 Cadillac Escalade acquired by defendants **ALTON COLES** and **KRISTINA LATNEY**, together with the 2002 Cadillac Escalade, VIN 1GYEK63N02R105690;

j.  Currency seized on or about August 10, 2005, as follows:

(i)  from defendant **TIMOTHY BAUKMAN**, 2967 School House Lane, Philadelphia, PA: $15,000 recovered on a dining room table, $10,000 recovered in a bedroom, and

163

$16.07 recovered in Baukman's wallet;

(ii)      from defendant **DESMOND FAISON**, 304 East 23rd Street, Chester, PA: $13,000 recovered in vehicle, $74,120 recovered in residence, $279 recovered in shorts pocket, $240 recovered in residence;

(iii)     from defendant **JAMES MORRIS**, 5 N. Burden Hill, Quinton, NJ: $2,574 recovered in vehicle, $559,396.21 recovered in residence;

(iv)     from defendant **ALFONSE ZUAGAR**, 5536 Paschall Avenue, Philadelphia, PA: $1,515 recovered in residence;

(v)      from defendants **ALTON COLES** and **KRISTINA LATNEY**, 292 Mannington Yorktown Road, Woodstown, NJ: $114,780 recovered in residence;

(vi)     from defendant **ALTON COLES**, 117 Dillons Lane, Mullica Hill, NJ $160 recovered in residence;

(vii)    from defendant **DONTE TUCKER**, 957 N. 66th Street, Philadelphia, PA: $1,980 recovered in residence; and

(viii)   from defendant **HAKIEM JOHNSON**, 7130 Upland Street, Philadelphia, PA: $862 recovered in vehicle.

k.     Real property, described as follows:

(i)      2079 East Somerset Street, Philadelphia, PA

(ii)     292 Mannington-Yorktown Road, Woodstown, NJ

164

        (iii)    118 South 46th Street, Philadelphia, PA

        (iv)    5744 Tackawanna Street, Philadelphia, PA

l.    Approximately $142,443.98  in United States currency, representing proceeds of the amount used and invested, as alleged in Count 175.

m.    The following firearms, ammunition, and other items, seized on or about April 14, 2002 at 2636 Daphne Road, Philadelphia, Pennsylvania:

    (i)    one Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

    (ii)    one Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

    (iii)    one Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

    (iv)    one Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight rounds of ammunition;

    (v)    one Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live rounds of ammunition;

    (vi)    one Sturm Roger empty magazine;

    (vii)    one box of 50 Federal .22 caliber cartridges;

    (viii)    one box of UMC .40 caliber S&W, with nine rounds of ammunition;

165

(ix)    one box of Remington 12 gauge shot gun shells, with 12 shells;

(x)    one box of Federal .22 caliber, with 38 cartridges;

(xi)    one magazine containing seven .32 caliber cartridges;

(xii)    one empty Glock gun box, for a Glock, Model 32, .357 caliber, serial number E MM544US;

(xiii)    one box of Speer .357 Sig ammunition, containing 29 cartridges;

(xiv)    one box, UMC .25 Auto ammunition, containing 41 cartridges;

(xv)    one box, American Eagle .380 Auto ammunition, containing 11 cartridges.

2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, another party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

166

All pursuant to Title 21, United States Code, Section 853.

3.      As a result of the violations of Title 18, United States Code, Sections

922(g)(1) and 924(c), set forth in this Fifth Superseding Indictment, defendants

**ALTON COLES,**
        a/k/a "Ace,"
        a/k/a "Ace Capone,"
        a/k/a "Fat Boy,"
        a/k/a "Naseem Coles,"
        a/k/a "Lamar Johnson,"
        a/k/a "Naiil Johnson,"
**TIMOTHY BAUKMAN,**
        a/k/a "Tauheed Baukman,"
        a/k/a "Tim Gotti,"
        a/k/a "T,"
**HAKIEM JOHNSON,**
        a/k/a "Hak,"
        a/k/a "Uncle Hak,"
        a/k/a "Unc,"
**DANTE TUCKER,**
        a/k/a "Dant,"
**TERRY WALKER,**
        a/k/a "Taz,"
**AL ZUAGAR,**
        a/k/a "Zu,"
        a/k/a "Alfonso Zuagar,"
        a/k/a "Junior Zuagar,"
**CHARLTON CUSTIS,**
        a/k/a "Gusto,"
**KEENAN BROWN,**
        a/k/a "Nino Brown,"
        a/k/a "Dot,"
**ROBERT COOPER,**
        a/k/a "O.G.,"
        a/k/a "Robert Hall,"
**JAMAR CAMPBELL,**
        a/k/a "Mar,"
**GARY CREEK,**
        a/k/a "Dirtbike HOV,"
**MONIQUE PULLINS,**
**ANTONIO LAMONT JACKSON**
        a/k/a "Teefy,",

167

**JAMES MORRIS,**
**a/k/a "J," and**
**THAIS Y. THOMPSON**

shall forfeit to the United States of America all firearms and ammunition involved in the

commission of such offenses, including, but not limited to:

a.  a Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number

A013845, loaded with four live rounds of ammunition;

b.  a Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433,

loaded with six live rounds of ammunition;

c.  a Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790,

loaded with 12 live rounds of ammunition;

d.  a Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial

number A8512;

e.  a Baretta, caliber 9 millimeter, semi-automatic pistol, serial number

082733MC, loaded with seven rounds of live ammunition;

f.  a silver and black Smith & Wesson 9 millimeter semi-automatic handgun,

serial number TEU8998, loaded with four rounds of live ammunition;

g.  a Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic pistol,

serial number AFB794US loaded with 9 rounds of live ammunition;

h.  Ingram 9 millimeter semi-automatic handgun, Model M11, serial number

85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

i.  Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11,

serial number obliterated, loaded with 30 live rounds of 9 millimeter

168

ammunition;

j.       Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded

with 5 live rounds of .38 caliber ammunition;

k.       Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial

number VKN4799, loaded with 10 live rounds of ammunition;

l.       Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1,

serial number AOC43338, loaded with seven live rounds of ammunition;

m.      .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n.       Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and

two 12-gauge rounds of live ammunition;

o.       9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with

10 live rounds of 9 millimeter ammunition;

p.       9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial

number obliterated;

q.       9 millimeter Leinad semi-automatic handgun, serial number 94-0019957,

and a magazine containing 32 live rounds of 9 millimeter ammunition;

r.       .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber

Luger, serial number 31336, loaded with 11 live rounds of .22 caliber

ammunition;

s.       .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number

27755, loaded with six live rounds of ammunition;

t.       9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M,

169

serial number KAA2149;

u.  .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

v.  9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

w.  Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x.  377 additional live rounds of 9 millimeter ammunition;

y.  6 additional live rounds of .357 ammunition; and

z.  1 additional live round of .22 caliber ammunition;

aa.  one Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

bb.  one Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

cc.  one Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

dd.  one Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight rounds of ammunition;

ee.  one Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live rounds of ammunition;

ff.  one Sturm Roger empty magazine;

gg.  one box of 50 Federal .22 caliber cartridges;

hh.  one box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii.  one box of Remington 12 gauge shot gun shells, with 12 shells;

jj.  one box of Federal .22 caliber, with 38 cartridges;

kk.  one magazine containing seven .32 caliber cartridges;

ll.  one empty Glock gun box, for a Glock, Model 32, .357 caliber, serial number E MM544US;

mm.  one box of Speer .357 Sig ammunition, containing 29 cartridges;

nn.  one box, UMC .25 Auto ammunition, containing 41 cartridges;

oo.  one box, American Eagle .380 Auto ammunition, containing 11 cartridges;

pp.  one Smith & Wesson, Model CS9, 9 millimeter semi-automatic pistol, serial number EKY2026.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

4.  As a result of the violations of Title 18, United States Code, Sections 922(h)(1) and 924(c), set forth in this indictment, defendant

**ADRIAN MCKENZIE**
**a/k/a "Mac"**

shall forfeit to the United States of America all firearms and ammunition involved in the commission of such offenses, including, but not limited to:

a.  one Glock, Model 32, .357 Sig semi-automatic pistol, serial number 2554054, and all ammunition associated with it; and

b.  one Berretta, Model 8045 Cougar, .45 caliber, semi-automatic pistol, serial number 082733MC, and all ammunition associated with it.

171

      c.      one Smith & Wesson, Model 5906, 9 millimeter semi-automatic pistol,

serial number TEU8998, and all ammunition associated with it.

      All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United

States Code, Section 924(d).

      5.      As a result of the violations of Title 18, United States Code, Section

1956, set forth in this indictment, defendants

**ALTON COLES,**
      **a/k/a "Ace,"**
      **a/k/a "Ace Capone,"**
      **a/k/a "Fat Boy,"**
      **a/k/a "Naseem Coles,"**
      **a/k/a "Lamar Johnson,"**
      **a/k/a "Naiil Johnson,"**
**TIMOTHY BAUKMAN,**
      **a/k/a "Tauheed Baukman,"**
      **a/k/a "Tim Gotti,"**
      **a/k/a "T Dog,"**
**ASYA M. RICHARDSON and**
**KRISTINA LATNEY**

shall forfeit to the United States of America any and all property involved in such offenses, and

any property traceable to such property, including, but not limited to, the following sums of

money and other assets:

      a.      approximately $114,000, being the amount of United States

currency used to purchase 117 Dillon's Lane, Mullica Hill, NJ;

      b.      approximately $64,938.64 deposited to PNC Bank Account

#8605541762 in the name of defendant **ASYA M.**

**RICHARDSON**, being proceeds of the sale of 117 Dillon's Lane;

      c.      approximately $490,000, being the gross proceeds of the sale of

117 Dillon's Lane, Mullica Hill, New Jersey;

d.  approximately $9,000, being the amount of a check issued on or about February 8, 2006 from PNC Bank Account #8605541762 in the name of defendant **ASYA M. RICHARDSON**;

e.  approximately $76,432.38, being the value of the monetary instruments used in the commission of counts 89-175 by defendant **TIMOTHY BAUKMAN**;

f.  approximately $18,900, being the purchase price of a 2000 Ford Excursion automobile acquired by defendant **ALTON COLES**, a/k/a "Naseem Coles," together with the 2000 Ford Excursion, VIN 1EMNU41S1Y3A6;

g.  approximately $74,900, being the purchase price of a 2001 Mercedes Benz S-430 acquired by defendants **ALTON COLES** and **KRISTINA LATNEY**, together with the 2001 Mercedes Benz S-430, VIN  WDBNG70J91A220346;

h.  approximately $46,132, being the purchase price of a 1999 Jaguar acquired by defendant **TIMOTHY BAUKMAN**, together with the 1999 Jaguar, VIN SAJGX5044XC035080;

i.  approximately $56,500, being the purchase price of a 2002 Cadillac Escalade acquired by defendants **ALTON COLES** and **KRISTINA LATNEY**, together with the 2002 Cadillac Escalade, VIN 1GYEK63N02R105690;

j.    One 1999 Bentley, NJ Tag PJZ-90F, VIN SCBLB51E8XCX02819.

6.    As a result of the violations of Title 18, United States Code, Section

1343, affecting a financial institution, as set forth in this indictment, defendants

**ALTON COLES,**
**a/k/a "Ace,"**
**a/k/a "Ace Capone,"**
**a/k/a "Fat Boy,"**
**a/k/a "Naseem Coles,"**
**a/k/a "Lamar Johnson,"**
**a/k/a "Naiil Johnson," and**
**ASYA M. RICHARDSON**

shall forfeit to the United States of America any and all property constituting, or derived from,

proceeds the person obtained directly or indirectly, as the result of such violation,  including, but

not limited to, the following:

a.    approximately $490,000, being the gross proceeds of the sale of

117 Dillon's Lane, Mullica Hill, NJ.

7.    If any of the property subject to forfeiture, as set forth in paragraphs 5 and

6, above, as a result of any act or omission of the defendant(s):

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, another

party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b),

174

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

**A TRUE BILL:**


_____
**FOREPERSON**




_____
**PATRICK L. MEEHAN**
**United States Attorney**


175